## Home Insurance Company v. Peoria & P. U. Ry. Co.

1. INSURANCE—*Construction of Policies.*—The rule to be adopted in construing the clauses of an insurance policy should be a liberal one and favorable to the insured, so as not to defeat, without a plain necessity, his claim to the indemnity which, in making the insurance, it was his object to secure.

2. SAME—*Construction of Particular Clauses.*—In construing a policy of insurance the purpose of the following clause—"$50,000 on freight cars of every description, the property of other roads, firms, individuals or corporations, for which the assured are or may be liable while on the line of their road, the limit of loss, if any, on any one freight car not to exceed $500," *was held* to be to indemnify the assured (a common carrier) against claims of or controversies with the owners of property lost by fire while in its possession.

Assumpsit, on a policy of insurance. Trial in the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

JACK & TICHENOR and SAMUEL E. HALL, attorneys for appellant.

Insurance policies should be construed by the same rules as other written contracts.    May on Insurance, Sec. 172.

The subject of the insurance, its nature and its extent are to be ascertained from the words of the contract which the parties have made.    Home Ins. Co. v. Baltimore Warehouse Co., 93 U. S. 541.

STEVENS, HORTON & ABBOTT, attorneys for appellee.

In construing a policy of insurance, the insurer is the promisor, and in words or sentences of doubtful significance, or ambiguous phrases, the meaning most favorable to the insured is adopted.    Pittsburg Storage Co. v. Scottish U. & N. Ins. Co. (Pa.), 32 Atl. Rep. 58; London Assurance Co. v. Companhia, etc., 167 U. S. 149.

The policy must be liberally construed in favor of the insured, so as not to defeat, without a plain necessity, his claim to the indemnity which, in making the insurance, it was his object to secure.    Healey v. Mutual Accident Association, 133 Ill. 556; Getman v. Guardian, etc., Fire Ins. Co., 46 Ill. App. 489; Burnett v. American Ins. Co., 68 Mo. App. 343.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant for the loss by fire of forty empty freight cars destroyed or damaged on the tracks of appellee April 26, 1897.    The part of the policy of insurance upon which the action is based is as follows:

"Item 44.  Fifty thousand dollars on freight cars of every description, the property of other roads, firms, individuals or corporations for which assured are or may be liable while on the line of their road, the limit of loss, if any, on any freight car not to exceed $500.

"Item 45.  Twenty thousand dollars on passenger cars the property of other roads, firms or individuals for which assured are or may be liable while on the line of their road, the limit of loss on any car $2,500."

A jury was waived and the trial by the court resulted in a finding and judgment against appellant for $6,502.90, from which it prosecutes this appeal.

The principal question for decision arises upon the proper construction to be given to the above quoted clauses of the policy. All of the cars destroyed were the property of other roads, while in appellee's possession for the purpose of being transferred, switched or stored for a consideration to be paid; and it sustained the relation to them either of common carrier or warehouseman or custodian. It is insisted by appellant that the policy of insurance, as applied to the loss of such cars, should be construed to mean that before appellee can be permitted to recover for the loss of such property, it must appear it was liable for such loss to the owners of the cars under the rules of the law that would be applied in an action between the appellee and the owners of the property. We think such a construction too strict, and inconsistent with the obvious purpose and intent of the contract. The rule of construction to be adopted should be a liberal one and favorable to the insured, so as not to defeat, without a plain necessity, his claim to the indemnity which, in making the insurance, it was his object to secure. Healy v. Mutual Accident Association, 133 Ill. 556. Here it is manifest, as we believe, the purpose of the insurance was to indemnify the appellee against any and all claims or controversies of the owners of property lost by fire while in its possession. This would have been demonstrated by the evidence offered by the appellee, if competent, but rejected by the court, to the effect that Items 44 and 45 were inserted with the understanding of the parties at the time, that the purpose of them was to meet controversies about losses with appellee's tenant companies. This would have shown the precise object and intention of the clause in question but without that evidence we think the clear intent and purpose of the contract is manifest. The word liability, as used in the contract, should be accepted in the broad sense of having the custody and care of the property; having some duty to perform with respect to it, so that appellee might be responsible, or even legally liable for its safety; not absolutely so; for this is the word of the contract itself. " For which assured are or may be liable

while on the line of their road," is the language of the con-. tract. If it was the intention of the parties to fix the liability of the insurer upon the contingency that the assured should be absolutely and legally bound to the owner for the loss of the cars, that object was accomplished by the words of the contract—" for which assured are liable;" but, not content with that expression, the further words "or may be" were inserted, making the contract read as has been shown. It must be presumed these words were inserted for some purpose, and that the meaning ordinarily attributed to such words was what the parties intended, and should be given effect. Webster defines the word "may" to be an auxiliary verb, qualifying the meaning of another verb by expressing ability, competency, possibility or probability. If, when lost, the property was so situated that under any circumstances that could possibly or probably exist, a legal liability of the appellee to the owner would be created, then the insurer should pay the loss. If lost when other conditions might possibly have existed to make appellee legally responsible to the owner, although they did not, then the phase of the contract under consideration is seen, and the insurer is liable. It is not difficult to see how the property might be variously situated when and where, if lost, the possibilities or probabilities of the liability of appellee would be great. To meet such contingencies we think was the plain intent and meaning of the contract, regardless of whether the particular loss in question was such as might be recovered by the owner in an action against appellee. The meaning attributed to the contract by appellant would foster litigation. It is more harmonious with the policy of the law to adopt the construction that would tend to put an end to litigation, and it is more reasonable to believe the parties had this principle in view at the time the contract was made, otherwise appellee, from the nature of its business, would derive small advantage from the insurance. It was not intended to limit the policy to the personal interest of the appellee, for the promise was to make good the loss to the cars, the limit on any one not to exceed $500.

Appellee having an insurable interest in the cars, it might, as it did, insure them in its own name to their full value, for the satisfaction of its own claim first, and hold the residue for the owners of the property. Such insurance is not unusual, even when not ordered by the owners, and when so made it inures to their benefit. Home Ins. Co. v. Baltimore Warehouse Co., 93 U. S. 527; California Ins. Co. v. Union Compress Co., 133 U. S. 387.

The propositions of law held and refused by the court upon the trial properly applied the law to the facts of the case, and in the finding and judgment of the Circuit Court there is no error, and the latter will be affirmed.