## S. W. Phillips and J. A. Roseboom v. Robert S. Vermillion.

1. INSTRUCTIONS—*Where the Evidence is Conflicting.*—Where the evidence upon a vital question at issue is conflicting, the rulings of the court affecting it, in respect to the admission of evidence and instructions to the jury, should be accurate.

2. WARRANTIES—*When Representations Are Relied upon as Constituting.*—If representations are relied upon to constitute a contract of warranty, it must appear that the warrantor intended and the warrantee accepted and acted upon the faith of them as such.

3. EVIDENCE—*Statements to Outside Parties as Evidence of a Warranty, Inadmissible.*—In an action upon an alleged warranty of broomcorn seed, it is error to admit, over the objection of the defendant, evidence of his statements or representation to outside parties concerning the seed as being of a particular kind.

4. SAME—*When Incompetent for the Purpose of Impeachment.*—Evidence of the statements of a defendant to outside parties is not competent for the purpose of impeaching him, where in the first place such evidence has been admitted in chief without any foundation for it to rest upon.

5. SAME—*Of Reliance upon Representation in Actions of Assumpsit upon Warranties.*—In an action of assumpsit upon a warranty, it is not material as to whether the plaintiff relied upon such representations or not, as it might be in an action for fraud.

6. CONTRACTS—*The Minds of the Parties Must Meet.*—The initial point in every verbal contract is that the minds of the contracting parties must meet in proffering and accepting a proposition; and while this

may be done in various forms and ways and may be proved by circumstances, the element of intention by one and acceptance by the other is always material, and if wanting in the mind of either, there is no contract; and without this evidence of intention no representation as to the character of an article sold can amount to a contract.

7. PRIVITY—*Does Not Exist Between a Landlord and His Tenant's Warrantor.*—As between the landlord of a tenant who buys seed upon a warranty and the person selling the seed, there is no such privity as will enable the landlord to maintain an action against the vendor for any loss consequent upon a breach of the warranty.

8. LANDLORD AND TENANT—*Extent of the Recovery by the Tenant for a Breach of a Warranty of Seed Sown upon the Demised Premises.*— There is no reason why a tenant can not recover, in an action upon a breach of contract of warranty by the vendor of seed, sold him for use on the demised premises, the full indemnity which it was the object of the contract to secure. Such a contract inures to the benefit of the landlord as well as to the tenant.

Assumpsit, upon a breach of a contract of warranty. Appeal from the City Court of the City of Mattoon; the Hon. JAMES F. HUGHES, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed September 11, 1900.

JAMES W. and EDWARD C. CRAIG, attorneys for appellants.

There is a distinction between affirmations intended as a warranty and those which are made merely by way of description of the article sold, or to identify it, and not for the purpose of describing its quantity or quality. Am. & Eng. Ency. of Law, Vol. 28, p. 763; Carondelet Iron Works v. Moore, 78 Ill. 65; Behn v. Burness, 3 B. & S. 751; Behn v. Burness, 113 E. C. L. 749; Randall v. Thornton, 43 Me. 226; Randall v. Thornton, 69 Am. Dec. 56; Whitman v. Freese, 23 Me. 212; Fraley v. Bispham, 10 Pa. St. 320; Barrett v. Hall, 1 Aik. (Vt.) 269; Power v. Barham, 4 Ad. & El. 473; Power v. Barham, 31 E. C. L. 114; Power v. Barham, 7 C. & P. 356; Kleeb v. Bard, 7 Wash. 41; Callender Insulator, etc., Co. v. Badger, 30 Ill. App. 314; Maxwell v. Lee, 34 Minn. 511; Ryan v. Ulmer, 108 Pa. St. 332; Ryan v. Ulmer, 56 Am. Rep. 210; Towell v. Gatewood, 2 Sc. 22.

It is a question for the jury to determine whether or not the words " Tennessee Evergreen," claimed by appellee to have been used in reference to that corn, were used as

words of warranty or as words of description. Am. &
Eng. Ency. of Law, Vol. 28, p. 750; Ender v. Scott, 11 Ill.
35; Reed v. Hastings, 61 Ill. 266; Kankakee, etc., Co. v.
Ugrow, 36 Ill. App. 448.

The decisive test as to whether representations by the
vendor constitute a warranty, is whether the vendor so
intended them, and whether the vendee purchased on the
faith of them. These two questions are for the jury. Am.
& Eng. Ency. of Law, Vol. 28, p. 768; Kankakee, etc., Co.
v. Ugrow, 36 Ill. App. 448; Ender v. Scott, 11 Ill. 35;
McLennan v. Ohmen, 75 Cal. 558; Tenney v. Cowles, 67
Wis. 596; McGregor v. Penn, 9 Yerg. (Tenn.) 74; Jones v.
Quick, 28 Ind. 125.

The introduction of evidence as to what Roseboom said
to other people in reference to this seed was improper. It
was *res inter alios acta.* 1 Greenleaf on Evidence, Sec. 52;
Burroughs v. Comegys, 17 Ill. App. 653; 1 Wharton on Evi-
dence, Sec. 29; Best on Evidence, Vol. 1, page 476, Sec. 251;
Kelly v. Dandurand, 28 Ill. App. 25; State v. Lepage, 24
Am. Rep. 69; Hanchett v. Riverdale Co., 15 Ill. App. 60;
Jordan v. Osgood, 109 Mass. 457.


ANDREWS & VAUSE, ISAAC B. CRAIG and FRED A. KINZEL,
attorneys for appellee, contended that any distinct asser-
tion or affirmation as to the quality of the thing to be sold,
made by the owner during negotiations for the same, which
it reasonably may be supposed was intended to induce the
sale, and which was relied on by the purchaser, will be
regarded as implying or constituting a warranty. Wheeler
v. Reed, 36 Ill. 81; Reed v. Hastings, 61 Ill. 266; Thorne v.
McVeagh, 75 Ill. 81; Robinson v. Harvey, 82 Ill. 58; Ken-
ner v. Harding, 85 Ill. 264; Henshaw v. Robins, 43 Am.
Dec. 367; Rogers v. Ackerman, 22 Barb. 134; Smith v.
Justice, 13 Wis. 600; Hughes v. Funston, 23 Iowa, 257;
Hawkins v. Pemberton, 51 New York, 198; 10 Am. Rep.
595; Wolcott v. Mount, 36 N. J. L. 262; 13 Am. Rep. 438;
White v. Miller, 71 N. Y. 118; 27 Am. Rep. 13; Fairbank
Canning Co. v. Metzger, 118 N. Y. 260; 16 Am. St. Rep. 753.

The general tendency of the later authorities is to construe liberally in favor of the vendee, language used by the vendor in making affirmations in regard to his goods, and to treat such affirmations as warranties wherever the language used will authorize the reasonable inference that they were understood so. 28 Ency. of Law, 752; Hawkins v. Pemberton, 51 N. Y. 198; Wolcott v. Mount, 36 N. J. L. 262; White v. Miller, 71 N. Y. 118; Sparling v. Marks, 86 Ill. 125.

A dealer who sells an article, describing it by the name of an article of commerce, the identity of which is not known to the purchaser, must understand that the latter relies upon the description as a representation by the seller that it is the thing described, and this constitutes a warranty. White v. Miller, 71 N. Y. 118; Hawkins v. Pemberton, 51 N. Y. 198; Fairbank Canning Co. v. Metzger, 118 N. Y. 260; Hoffman v. Dixon, 11 N. W. Rep. 491; Bach v. Levy, 101 N. Y. 513; Van Wyck v. Allen, 69 N. Y. 61.

Where a vendor of goods represents them at the time of sale to be an article known in the market by a particular name, and the vendee has no opportunity to examine, or where an examination would not enable him to discover whether the goods agreed with the representation, a warranty is implied that the goods are of the kind, character and description represented, and in such case a presumption arises that the vendee relies on the vendor's statements. Van Wyck v. Allen, 69 N. Y. 61; Forcheimer v. Stewart, 65 Iowa, 593; Kellogg Bridge Co. v. Hamilton, 110 U. S. 108; White v. Miller, 71 N. Y. 118; Hoffman v. Dixon, 81 N. W. Rep. 491.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a suit in assumpsit by appellee against appellants to recover for a breach of an alleged contract of warranty that certain broom corn seed purchased by appellee of appellants was of the quality known as Tennessee Evergreen, and which it was claimed it was not. A trial by jury resulted in a verdict and judgment against appellants

for $287.50, to reverse which they bring this appeal, insisting as reasons for such reversal, the court erred in the admission of evidence, the damages are excessive, the verdict is not supported by the evidence, the court misdirected the jury, and refused instructions that ought to have been given.

The evidence proved that appellee purchased broom corn seed of appellants, and tended to prove that appellants warranted it to be Tennessee Evergreen, although upon the question of warranty the evidence was conflicting and formed a vital issue in the case, requiring the rulings of the court affecting it, in respect to the admission of evidence and instructions to the jury, to be accurate.  Over the objection of the appellants the court admitted evidence of the statements or representations made by defendants to Shea concerning broom corn seed being Tennessee Evergreen.  This, we think, was misleading and prejudicial error.  It was not pertinent to the issue, nor was it claimed that the seed was sold to Shea for the particular kind of seed in question, for he purchased seed elsewhere; and even if the statement were true, it would prove nothing material affecting the alleged contract of warranty with appellee. The only inference that could be drawn from such evidence by the jury would be, that having made the statement to Shea, it was probable it was also made to appellee, and herein was the misleading quality of the evidence.  It is no answer to this objection that the evidence was competent as an impeachment of Roseboom, because in the first place it was introduced in chief, without any foundation for it to rest upon, and, secondly, it contradicted nothing material the witness stated afterward.  The court also, against the objection of appellants, allowed appellee to state as a witness on the trial that he relied upon the statements of Roseboom as to the kind of seed it was.  It was material in determining whether a contract of warranty existed to know if such contract was intended by appellants and accepted by appellee.  It was not material whether appellee relied upon certain representation or not, as it might have been if the action was for fraud.  Besides, if the inquiry was mate-

rial it would be for the jury to say from the whole evidence whether there was such reliance, and not for the witness to give his conclusion merely, so that in whatever aspect the subject is considered, it would seem the evidence was improper and misleading, and we are constrained to hold the admission of it prejudicial error.

The first and sixth instructions given to the jury at the request of appellee, we think, are justly subject to the criticisms put upon them. They plainly omit, as we think, the essential element of a contract that it must have been intended by appellants that the assertion of the quality respecting the seed was intended as a proposition to warrant it to be such, and that defendant accepted and acted on it as such. . The general rule, which we think is too familiar to need the citation of authorities in support of it, is that in order for representations to constitute a contract of warranty, the vendor must so intend them, and the vendee accept and act upon the faith of them as such. In truth, such is the initial point in every verbal contract of sale, that the minds of the contracting parties must meet in proffering and accepting a proposition; and while this may be done in various forms and ways, and may be proved even by circumstances, still the one element of intention by one and acceptance by the other, is always material to be determined, and if wanting in the mind of either there is no contract; and without this evidence of intention no representations as to the character or quality of the thing sold would amount to a contract; and so we are constrained to believe the instructions in this respect were faulty and misleading, and thereby produced prejudicial error. This same principle was included in some of the refused instructions requested by appellant, and it follows from what we have already said, such instructions should have been given, and it was prejudicial error to refuse them.

It is also argued by counsel for appellant that because under his contract of renting with his landlord, which is the fact, appellee was to pay one-third of the crop as rent, that the court erred in permitting a recovery in excess of two-

thirds of the loss to the crop in consequence of the alleged breach of warranty respecting the seed. We are referred to no authority upon this point, except O. & M. Ry. Co. v. Hoeltman, 34 Ill. App. 431, which merely holds that where the landlord is prevented from receiving his rent by a wrong-doer by reason of a destruction of the crop, he may have his action therefor. Such principle would seem elementary, but is incapable of application to the case being considered. This is an action *ex contractu,* and there is no privity between appellee's landlord and appellants', and it would not be con-tended, we think, the landlord could have his action against appellants for any loss consequent upon the supposed breach of warranty. In Home Ins. Co. v. P. & P. U. Ry. Co., 78 Ill. App. 137, it was held that a bailee might insure prop-erty in its care in its own name to its full value, for the satisfaction of its own claim first, and hold the residue for the owner of the property. The principle here is the same, only of different application. The tenant claims to have exacted a warranty from the vendor of the seed, primarily for his own benefit, but no reason is perceived if the insurer of property may recover for the owner's interest, why a tenant may not do the same for the benefit of the landlord. Neither the owner of the insured property, nor the land-lord, would have any right of action upon the special con-tracts, and it is therefore of no interest to the makers of such contracts that the persons with whom the contracts are made are permitted to recover the full indemnity which it was the object of the contract to secure. Such contracts, when made, inure to the benefit of the owner of the insured property in the one case, and to the landlord in the other. We are disposed to hold such principle applicable to the case presented, and believe its effect will meet the require-ments of justice. Inasmuch as the cause is to be remanded we refrain from a discussion of the evidence.

For the errors indicated the judgment of the City Court will be reversed and the cause remanded for trial. Reversed and remanded.