Argued January 23, decided February 11, 1908.

## FINN *v.* OREGON W. P. & RY. CO.

[93 Pac, 690.]

MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—BURDEN OF PROOF.

1. A servant suing for injuries caused by the failure of the master to provide safe appliances, has the burden of proving the negligence charged, and, where the ground of recovery is a defect in appliances, he must show, not only that the injury resulted from the defect, but that the master had notice thereof, or, by exercise of ordinary care, could have known of it, and mere proof of the accident is insufficient.

SAME—CIRCUMSTANTIAL EVIDENCE.

2. The negligence of a master in failing to provide safe appliances, need not be shown by positive and direct evidence, but it may be inferred from the proof of facts, other than proof of an accident resulting in injuries to an employee, from which the master's conduct can be ascertained.

SAME—SUFFICIENCY OF EVIDENCE.

3. A servant was injured by the breaking of a chain holding a block. Whether the chain broke because it was defective, or was not sufficient for the purpose intended, or because it was improperly used, was not shown. The servant testified that he did not know what caused the chain to break. *Held* insufficient, as a matter of law, to show negligence of the master in failing to provide a safe appliance.

APPEAL—DISCRETION OF LOWER COURT—REFUSAL TO REOPEN CASE.

4. Where, in an action for injuries to an employee by the breaking of a chain, there was no evidence that the chain was defective or insufficient for the purpose, or that it was improperly used, the refusal of the court, during the argument on the motion for a nonsuit, to permit the plaintiff to reopen his case, and to call another employee to ascertain whether he had the chain in his possession, with a view of offering it in evidence, was within the court's discretion, and no abuse thereof being shown, its ruling would not be disturbed on appeal.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

This is an action by William A. Finn against the Oregon Water Power & Railway Company to recover damage for a personal injury. From a judgment in favor of defendant, entered on a motion for a nonsuit, plaintiff appeals.          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Henry E. McGinn.*

For respondent there was a brief over the names of *Hogue & Wilbur* and *William T. Muir,* with an oral argument by *Mr. Ralph W. Wilbur.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action to recover damages for a personal injury, and is brought here on an appeal from a judgment in favor of defendant, entered on a motion for a nonsuit at the close of plaintiff's testimony.

1. Plaintiff was employed about a donkey engine, which was used by defendant in operating a scraper in connection with the construction of a dam across the Clackamas River, at Cazadero. His principal duty was to assist in getting fuel for the engine. To obtain fuel the employees hauled or pulled in logs to the engine by its own power by means of a cable, one end of which was fastened to the log, and the other to a drum on the engine. The cable passed through a block or pulley, which was fastened by a chain to a skid upon which the engine rested. On September 18, 1905, while a log was being thus pulled in, the chain which held the block parted, and plaintiff was struck by the cable, and injured. He charges that his injury was due to the negligence of defendant in not furnishing a chain of sufficient strength to stand the strain. But there is no evidence in the record, independent of the accident itself, to support this averment. Plaintiff is the only witness who testified on the trial in reference to the accident or its cause. He says he was put to work at the engine by the day foreman, to cut wood and assist in pulling in logs from which to obtain bark to keep up steam; that on the night of the accident, while a log was being pulled in, the chain broke, and he was struck with the cable and injured; and that he does not know what caused the chain to break. This is all the testimony as to the cause of the accident.

It is a settled law in this state that in an action by a servant against a master, to recover for personal injuries sustained by the former while in the employ of the latter, due to alleged failure of the master to provide reasonably safe tools and appliances, the burden of proof

is on the plaintiff to show the negligence charged; and, if the ground of recovery is a defect in machinery or appliances, to show, not only that the injury resulted from such defect, but that defendant had notice of the defect, or by the exercise of ordinary care could have known.      Mere proof of the accident is not sufficient: *Duntley* v. *Inman,* 42 Or. 334 (70 Pac. 529: 59 L. R. A. 785) ; *Nutt* v. *S. P. Co.* 25 Or. 291 (35 Pac. 653) ; *Kincaid* v. *O. S. L. Ry. Co.* 22 Or. 35 (29 Pac. 3).

2. It is, of course, not necessary that there should be positive and direct proof of negligence, but, like any other fact, it may be inferred from circumstances: *Geldard* v. *Marshall,* 43 Or. 438 (73 Pac. 330).      There must, however, be proof of some facts other than the accident from which the defendant's conduct can be ascertained and determined.

3. Now, in this case, there was no proof from which it could have been determined, whether defendant was negligent.      The only proof is that the chain broke while it was being used by plaintiff and his co-employees, but whether it broke because it was defective, or not sufficient for the purpose intended, or because it was improperly used or put to unnecessary strain, the record is silent.      Plaintiff states that he does not know what caused the chain to break, and there was no evidence that the chain was not of suitable size and strength for the purpose for which it was intended, or that there was any defect therein, or, if so, that such defect was known or should have been known by defendant.      There is no error, therefore, in sustaining the motion for a nonsuit.

4. During the argument on the motion for a nonsuit, plaintiff asked permission to re-open his case, for the purpose of calling one of defendant's employees to ascertain whether such employee had in his possession the chain which broke, with a view of offering such chain in evidence, but this was a matter within the discretion of

the trial court, and, as no abuse thereof is shown, its ruling cannot be disturbed on appeal.

In this view of the case the other question argued is not important, and need not be considered.    Judgment affirmed.                                                     AFFIRMED.