Argued May 9, decided May 28, 1912.

## STATE v. RADER.

[124 Pac. 195.]

INDICTMENT—MOTIONS TO QUASH—GROUNDS.

1. Although when a person accused of crime voluntarily appears before the grand jury as a witness, the indorsement of his name on the indictment may not be required by Section 1429, L. O. L., requiring the names of witnesses before the grand jury to be inserted at the foot of the indictment or indorsed thereon, such indorsement could not have prejudiced accused, and hence was not ground for quashing the indictment.

CRIMINAL LAW—EVIDENCE—OTHER OFFENSES.

2. Although the state for the purpose of showing motive, may show that a person accused of arson had previously been charged by the prosecuting witness with the commission of another crime, it was reversible error to allow proof of the commission of such other crime.

CRIMINAL LAW—APPEAL—REVIEW—HARMLESS ERROR—IMPROPER EVIDENCE—ERROR CURED BY INSTRUCTIONS TO DISREGARD.

3. Although the withdrawal from the jury of evidence erroneously admitted may sometimes cure the error, such withdrawal must be so

emphatic as to leave no doubt in the minds of the jurors as to the unequivocal repudiation by the court of such erroneous evidence, and even then it will not always be held that the error was cured.

CRIMINAL LAW—TRIAL INSTRUCTIONS—COMMENT ON EVIDENCE.
4. An instruction that certain evidence in a case tended to prove accused's guilt should not have been given as it might have led the jury to believe that, in the court's opinion, such evidence established his guilt.

CRIMINAL LAW—APPEAL—REVIEW—QUESTIONS OF FACT.
5. A finding of a jury based on illegal evidence cannot be sustained, notwithstanding Section 3, Article VII, Constitution of Oregon, as amended by Laws 1911, p. 7, providing that no fact tried by a jury shall be otherwise re-examined in any court unless the court can affirmatively say that there is no evidence to support the verdict.

CRIMINAL LAW—APPEAL—DETERMINATION OF QUESTIONS OF FACT.
6. The Supreme Court will not try a question of fact on appeal as it might do under the amended constitution where the evidence is wholly circumstantial and the facts can be better determined by a jury.

From Grant: DALTON BIGGS, Judge.

The defendant, Frederick Rader, indicted as Fritz Rader, was tried and convicted of the crime of arson, and he appeals. REVERSED.

For appellant there was a brief over the names of *Messrs. Lowell & Winter, Messrs. Leedy & Patterson* and *Mr. V. G. Cozad,* with an oral argument by *Mr. Stephen A. Lowell.*

For the State there was a brief over the names of *Mr. John W. McCulloch,* District Attorney, and *Messrs. Hicks & Marks,* with an oral argument by *Mr. Andrew M. Crawford,* Attorney General.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. Defendant was tried for the crime of arson committed by burning two stacks of hay, the property of Emmett Barr. Defendant and his father were voluntary witnesses before the grand jury, and their names were indorsed on the indictment along with the other witnesses, and the refusal of the court to quash the indictment for

this reason is one of the alleged errors assigned on this appeal.

Section 1429, L. O. L., provides that "the names of all witnesses examined before the grand jury must be inserted at the foot of the indictment or indorsed thereon," and the indorsement of the name of the defendant, while perhaps unnecessary, was within the terms of the statute, and in no event could such indorsement work any substantial injury.

2. Upon the trial, Emmett Barr, the prosecuting witness, was asked the following question:

"What occurred at your place about July, 1908."

And was permitted to answer over objection:

"Young Rader [meaning defendant and young Plant] passed by where I was at work in my field. They came through my place and went down by the house and cut one of my milk cow's tails off."

It further appeared in the testimony that defendant was arrested and bound over for this alleged offense, and that the grand jury returned "not a true bill." The state, for the purpose of showing motive, had a right to show that Barr had charged defendent with the crime of mutilating stock and had had him arrested. *State* v. *Finch,* 54 Or. 482 (103 Pac. 505). But it could not go beyond this and give evidence tending to show that another substantive crime had been committed. *State* v. *O'Donnell,* 36 Or. 222 (61 Pac. 892). .

The defendant, who was indicted for burning a hay stack on the 29th day of October, could not be expected to come prepared to refute a charge that he mutilated a cow on the 12th day of July previous. We think that the admission of this evidence constitutes reversible error. Had the state confined its testimony to the fact that a charge of that character had been made by the prosecuting witness, and that charge followed by an arrest, it

would have been within the rule laid down by the authorities.

3. It is contended that the court by its instruction withdrew this testimony from the jury, and therefore cured the error. While in some cases an express instruction to the jury to disregard testimony injuriously admitted is properly held to cure the error, yet the courts are cautious in the application of this rule. It is not an easy task to unring a bell, nor to remove from the mind an impression once firmly imprinted there, and the withdrawal of the testimony should be so emphatic as to leave no doubt in the mind of the juror as to the unequivocal repudiation by the court of the erroneously admitted matter, and even then, in a case where the testimony is evenly balanced or contradictory, courts hesitate to sanction such withdrawal, though it seems absolutely necessary to permit this course in some instances.

4. Another instruction objected to is as follows:

"I instruct you as a matter of law that the evidence of horse tracks leading to and from the place where the hay was burned, together with any talk about burning made about two months prior to the time the hay was burned, if such talk was made, is not of itself sufficient to warrant a conviction in this case, but you may consider such testimony along with all other testimony in this case as tending to prove the guilt of the accused."

It is claimed that this instruction intimates an opinion on the part of the court as to the effect of the evidence. While such is not its necessary effect, and if given to a jury of men skilled in law, it would be unexceptionable. The experience of the writer at circuit has been that, where the judge tells a jury that certain evidence "tends. to prove" a particular fact, they are not unlikely to take this language as meaning that the evidence actually establishes that particular fact. While we would not be inclined to reverse the case on this instruction, it would

not be amiss, if this cause is to be tried again, for the court to avoid possible misconstruction of its language.

5. The amended Article VII, Section 3, of our Constitution, provides that "no fact tried by a jury shall be otherwise re-examined in any court in this state unless the court can affirmatively say that there is no evidence to support the verdict." Laws 1911, p. 7. But, for the jury to find the fact, the court must see that they receive only legal evidence, and no good finding of fact can ever be predicated upon illegal evidence.

6. If the evidence were clear and without contradiction, we would ourselves try out the case here, as we have a right to do under our amended constitution, but it is wholly circumstantial, and the facts can be much better determined by a jury of the vicinage than by us.

The judgment is reversed and the cause remanded to the court below, with directions to grant a new trial.

REVERSED.