Argued July 24, decided July 29, rehearing denied September 23, 1913.

## BUCHANAN *v.* LEWIS A. HICKS CO.*

### (133 Pac. 780: 134 Pac. 1191.)

#### Master and Servant—Safe Appliances—Duty of Master.

1. A master must exercise care in furnishing a reasonably safe instrument with which a servant is to perform the work demanded of him.

[As to the doctrine of proximate cause, see note in 36 Am. St. Rep. 807.]

#### Master and Servant—Defective Appliances—Negligence—Question for Jury.

2 In an action for an injury caused by a circular ripsaw, *held,* under the evidence, a question for the jury whether the defendant was negligent in failing to provide a guard for the saw.

[As to the liability of employer to an employee for injuries from a saw operated by machinery, see note in Ann. Cas. 1913C, 125.]

#### Pleading—Issues, Proof and Variance—Matters to be Proved—Admissions.

3. Where the complaint alleged that defendant was negligent in failing to provide a guard for a saw, and the answer averred that the saw could not be operated with a guard, this was an admission that there was no guard, and dispensed with proof of that fact.

#### Negligence—Proximate Cause.

4. In an action for a personal injury, the negligence alleged in the complaint must be the proximate cause of the injury.

[As to the liability of an employer for injuries to employees from defective machinery or materials, see note in 98 Am. St. Rep. 289.]

#### Negligence—Inferences from Evidence—Question for Jury.

5. Where there is a question as to which of several causes produced an injury, the issue should be submitted to the jury.

#### Evidence—Judicial Notice—Matters of Common Knowledge.

6. Where the evidence shows that a circular ripsaw 14 inches in diameter was so set in a frame that when the operator placed his

*For common practice as the measure of master's duty to guard machinery, see note in 16 L. R. A. (N. S.) 140; and as to what is comprehended in expression "Machinery of every description," in statutes imposing duty on master as to placing guards, see note in 30 L. R. A. (N. S.) 36.

The question of knowledge as an element of employer's liability generally is treated in an extensive note in 41 L. R. A. 33.

REPORTER.

foot on a lever it raised the edge of the saw above the surface of the table, and was rapidly operated by electricity, no evidence was required to prove that the saw was so dangerous as to require a guard, as this will be assumed.

## Master and Servant—Injury—Liability—Appliances Inherently Dangerous—Pleading and Proof.

7.  Where a ripsaw, 14 inches in diameter, set in a frame and rapidly operated by electricity, was unprotected by a guard, it was unnecessary for an employee, in an action for an injury, to allege and prove that the master knew of the danger incident to working with or about such machinery without having a guard on saw.

## Appeal and Error—Review—Questions of Fact.

8.  Under Article VII, Section 3, of the Constitution, as amended in 1910 (see Laws 1911, p. 7), providing that no fact tried by a jury shall be otherwise re-examined by any court, unless the court can affirmatively say that there is no evidence to support the verdict, the Supreme Court cannot hold a verdict excessive, and give judgment for such sum as, in its opinion, plaintiff was entitled to recover, where there is evidence to support the verdict, notwithstanding the further provision of that section that, where the whole testimony, instructions, etc., shall be attached to the bill of exceptions, if the Supreme Court shall be of the opinion that the judgment appealed from was such as should have been rendered, it shall be affirmed, notwithstanding any error committed on the trial, or, if the judgment should be changed, and the Supreme Court shall be of the opinion that it can determine what judgment should have been entered below, it shall direct such judgment to be entered, since the right to correct a judgment under that provision rests upon an error of law committed by the trial court and not upon the re-examination of any fact tried by a jury, except where the court can affirmatively say that there is no evidence to support the verdict.

## Constitutional Law—Construction of Constitutions—Ascertaining Intent.

9.  In construing the Constitution as applicable to a cause tried by a court, the chief inquiry is the intent of the persons who formed that part of the Constitution and the purposes of the voters who adopted it, and, in order properly to determine such question, effect should be given to all the words employed, disregarding technical rules of construction, and adopting a mean between a strict and a liberal interpretation.

## New Trial—Application—Re-examining Evidence.

10.  Section 174, subdivisions 5, 6, L. O. L., providing that a judgment may be set aside and a new trial granted on the ground of excessive damages appearing to have been given under the influence of passion or prejudice, or insufficiency of the evidence to justify the verdict or other decision, were necessarily modified by Article VII, Section 3 of the Constitution as amended in 1910 (see Laws 1911, p. 7), providing that no fact tried by a jury shall be otherwise re-examined in any court of the state, unless the court can affirmatively say there is no evidence to support the verdict.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.   Statement by MR. JUSTICE MOORE.

This is an action by Ernest E. Buchanan against the Lewis A. Hicks Company, a corporation, to recover damages for a personal injury. The complaint charges that the defendant was negligent in failing to place a guard upon a circular ripsaw that was operated by electric power, whereby the plaintiff's left thumb was cut and hurt to his damage in the sum of $4,000.

The answer denies the material averments of the complaint, and for separate defenses alleges that the mechanism of the saw was such that it could not be operated with a guard, and that the plaintiff was an experienced workman, who knew and appreciated the danger to which he was exposed, and assumed the risk incident thereto, and that the hurt of which he complains resulted from his contributory negligence.

A reply having put in issue the allegations of new matter in the answer, the cause was tried, resulting in a verdict and judgment in plaintiff's favor for $1,500, and the defendant appeals.

AFFIRMED: REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Eugene Brookings.*

For respondent there was a brief over the names of *Mr. Harry Yanckwich, Mr. H. J. Parkinson* and *Mr. John A. Jeffrey,* with an oral argument by *Mr. Yanckwich.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is contended that errors were committed in refusing to grant a judgment of nonsuit, and in declining

to instruct the jury to find a verdict for the defendant when the cause was finally submitted. The testimony shows that the plaintiff is a carpenter 27 years old, and had worked at his trade 12 years. He had been employed by the defendant about 2½ months prior to January 3, 1912, on which day, by direction of the defendant's superintendent, he commenced operating a circular ripsaw, but before that time he had never had any experience in that line of work. The saw frame and table were adapted to a combination of instruments by changing which wood could be cut with the grain or across it. The saw designated for the kind of work desired was fastened to a mandrel that was so attached to the frame that the operator, by placing his foot on a lever, brought the edge of the saw above the surface of the table, along which he pushed with his hands the material to be cut. The plaintiff on January 4, 1912, attempting with the ripsaw to split a block two inches in thickness, four in width, and nine in length, so as to form wedges, his left thumb came in contact with the circular cutting instrument, and a piece of flesh was sliced from that digit.

1. It is the duty of a master to exercise care in furnishing a reasonably safe instrument with which a servant may perform the work demanded of him. In *Geldhard* v. *Marshall*, 43 Or. 438, 444 (73 Pac. 330, 331), Mr. Justice BEAN, in discussing the carelessness of the employer to the person engaged to render personal services, says: "There may be, and are, cases in which the master's negligence is clearly inferable, although there is no positive proof thereof. The rule is that if two inferences may be legitimately drawn from the facts in evidence, one favorable and the other unfavorable to the defendant, a question is presented which calls for the opinion of the jury."

2. In the case at bar the testimony in chief of the defendant's witnesses is to the effect that the saw causing the injury could not have been operated without a guard.  E. E. Kain, the defendant's superintendent, on cross-examination, however, said upon oath: "I always make it a custom to put a guard on a saw."  C. F. Caulfield, a deputy labor commissioner, who had been engaged in Portland three years in inspecting machinery, testified that he had examined the saw in question, and that it was practicable to have guarded an instrument of that kind.  From the testimony of the witness last named it might reasonably have been inferred that the defendant was negligent in failing to place a guard upon the saw, and, this being so, the question was properly presented to the jury, and no error was committed, as alleged.

3. It is insisted that no testimony was offered tending to support the averment of the complaint that the defendant did not have a guard on the saw, and for that reason errors were committed in denying the motion for a nonsuit and refusing to direct a verdict, as requested.  The answer practically admits that no guard was placed on the saw, averring that the instrument could not be operated when so attempted to be protected, and, this · being so, no evidence on that branch of the question was required. ·

4. It is argued that no testimony was offered tending to show that the failure to place a guard on the saw was the proximate cause of the hurt.  In actions to recover damages for a personal injury it is essential to a recovery that the negligence alleged in the complaint should be the proximate cause of the hurt.

5. Where, however, a question as to which of the several causes produced the injury arises, the issue should be submitted to the jury for their determination: *Elliff* v. *Oregon R. & N. Co.,* 53 Or. 66, 76 (99

Pac. 76); *Palmer* v. *Portland Ry. L. & P. Co.,* 56 Or. 262, 268 (108 Pac. 211).

6. It is contended that no evidence was produced to show that the saw in question when in operation was so dangerous as to require a guard. There are some physical facts so well established that they will be assumed as true; thus where a circular ripsaw 14 inches in diameter set in a frame, so that when the operator placed his foot on a lever, thereby raising the edge of the saw above the surface of the table, and the instrumentality was rapidly operated by electricity, the safety of human life and the protection of the limbs of inexperienced laborers engaged about such a machine demand that a guard should be supplied.

7. The condition of the ripsaw and its mode of operation were such that no evidence was required to prove that the defendant knew of the danger incident to working with or about such machinery without having a guard on the saw. If by the breaking of some part of the instrumentality, which was apparently in perfect condition, and in consequence of a flaw, the plaintiff was injured, it would have been necessary to prove the defendant's knowledge of the imperfection, or that it was negligent in failing to discover the defect: *Geldard* v. *Marshall,* 43 Or. 438 (73 Pac. 330); *Finn* v. *Oregon W. P. Ry. Co.,* 51 Or. 66 (93 Pac. 690). Such is not the case before us, where the operation of the saw was at all times inherently dangerous, when used without a guard. What has just been said in respect to evidence applies also to the complaint, and shows that it was not necessary to allege such *scienter.*

Complaint is also made because the court refused to instruct the jury as requested by defendant's counsel. An examination of the entire charge as given convinces us that the facts involved were fairly presented to the

jury, and that no errors were committed in denying the requests.

From a careful examination of the whole testimony, which is attached to the bill of exceptions, we are unable affirmatively to say there is no evidence to support the verdict.   Other errors than those considered are assigned, but, deeming them immaterial, the judgment is affirmed.                                    AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.

---

Denied September 23, 1913.

## ON PETITION FOR REHEARING.

(134 Pac. 1191.)

MR. JUSTICE MOORE delivered the opinion of the court.

8. In a petition for rehearing it is contended by defendant's counsel that the verdict, awarding the plaintiff $1,500 for the slight injury which he suffered, is so excessive that an error was committed in refusing to set aside the judgment and grant a new trial.   It is argued that a clause of the amendment of Article VII, Section 3, of the Constitution of Oregon, ratified November 8, 1910, declaring that "no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say that there is no evidence to support the verdict," should be interpreted in connection with another provision of the amendment that "if, in any respect, the judgment appealed from should be changed, and the Supreme Court shall be of the opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now

entered in equity cases on appeal to the Supreme Court'' (Laws 1911, p. 7), and when so construed this court should give judgment now for such a sum as the plaintiff was entitled to recover.

Section 174, L. O. L., formerly permitted a judgment to be set aside and a new trial granted on the motion of the party aggrieved for the following causes, *inter alia,* to wit: '' (5) Excessive damages appearing to have been given under the influence of passion, or prejudice; (6) insufficiency of the evidence to justify the verdict or other decision, or that it is against law.'' Pursuant to the provisions of that statute it had been the practice of many trial courts in Oregon, prior to the amendment of the organic law, parts of which have been quoted, to set aside judgments and grant new trials, when, from a consideration of all the evidence given at the trial of an action, it was believed the verdict was excessive. In order to inhibit such practice and to uphold verdicts, the Constitution was amended so as to preclude a court from re-examining any fact that had been tried by a jury, when the verdict returned was based on any legal evidence: *Consor* v. *Andrew,* 61 Or. 483 (123 Pac. 46); *State* v. *Rader,* 62 Or. 37 (124 Pac. 195); *Forrest* v. *Portland Ry., L. & P. Co.,* 64 Or. 240 (129 Pac. 1050); *Sullivan* v. *Wakefield,* 65 Or. 528 (133 Pac. 641).

That part of Article VII of Section 3 of the fundamental law, which prohibits a court from re-examining any fact tried by a jury, when the verdict is based on legal evidence properly admitted, should be so construed as to effectuate the purposes and objects that evidently induced the amendment.

9. In construing the provisions of a state Constitution as applicable to a cause tried by a court, the chief inquiry is to ascertain, if possible, the intent of the persons who formed that part of the fundamental law,

and also the purposes of the legal voters who adopted it, and, in order properly to determine such objects, effect should be given to all the words employed, disregarding technical rules prescribed to fix upon the sense, real meaning, or proper explanation of obscure or ambiguous terms or provisions of a written instrument, and adopting a mean between a strict and a liberal interpretation: *Rugh* v. *Ottenheimer,* 6 Or. 231 (25 Am. Rep. 513); *Acme Dairy Co.* v. *Astoria,* 49 Or. 520 (90 Pac. 153). Applying this legal principle to the part of the amended section of the organic act under consideration, it is believed that the Supreme Court, on appeal, is powerless to re-examine any fact tried by a jury, unless it, like the lower court, in passing upon a motion for a new trial, can affirmatively say there is no evidence to support the verdict.

To construe *in pari materia* the two clauses of the written instrument, agreed upon by the voters of Oregon as the absolute rule of action and decision, invoked by defendant's counsel as controlling herein, would seem to render nugatory the first provision hereinbefore quoted, thereby necessarily trenching upon the rule which requires effect to be given to each word used in a Constitution. If in the trial of an action at law an error has been committed by the court, and upon appeal from the judgment the Supreme Court from an examination of the entire testimony, the instructions, and all other matters material to the decision, can determine what conclusion should have been reached, it may disregard such errors, when substantial justice would thereby be promoted, and direct the proper verdict to be entered. It will thus be seen that the right, upon appeal, to correct a judgment rests upon an error of law committed by the trial court and not upon the re-examination of any fact tried by a jury, except in cases where the Supreme Court can affirm-

atively say there is no evidence to support the verdict. The clauses of the amended section of the Constitution referred to should not, in our opinion, be construed together in order to overturn the verdict herein. "An invulnerable verdict," says Mr. Justice BURNETT, in *Forrest* v. *Portland Ry., L. & P. Co.,* 64 Or. 240 (129 Pac. 1050), "must be a conclusion of a fact by a jury regularly impaneled, as the result of a trial in which the rights of all parties in respect to the admission or exclusion of testimony have been observed in all material particulars under proper instructions of the court as to the law."

10. In the case at bar the verdict come within the rule thus announced, and as we cannot affirmatively say the conclusion of the jury is not supported by evidence, the amendment prohibiting the re-examination of any fact thus tried and supported necessarily modifies Section 174, subdivision 5, L. O. L., and that part of subdivision 6 which reads as follows: "Insufficiency of the evidence to justify the verdict or other decision."

It follows that the former opinion herein is adhered to, and the petition for rehearing is denied.

AFFIRMED: REHEARING DENIED.