Argued October 16, decided October 23, 1913.

## SIGEL v. PORTLAND RY. L. & P. CO.

(135 Pac. 866.)

**Damages—Pleading—Impaired Earning Capacity.**

1. In an action for personal injuries, an allegation that plaintiff had been unable to work at her usual vocation as the direct result of the injuries, and at the date of the filing of the complaint was still incapacitated, with a general allegation of damages, was a sufficient basis for an allowance for impaired capacity in the future and for all injuries necessarily following as a result of the act complained of, damages for impaired capacity not being special and not requiring to be specially pleaded; and hence it was proper to refuse an instruction that no claim was made in the complaint for damages on account of permanent injury, and that therefore no damages could be allowed for a permanent injury, and to charge that the jury might take into consideration plaintiff's impaired capacity in the future, and the effect of the injuries upon her ability to earn a living.

New Trial—Grounds—Insufficiency of Evidence—Excessive Damages.

2. Under Article VII, Section 3, of the Constitution, as amended October 8, 1910 (see Laws 1911, p. 7), providing that no fact tried by a jury shall be otherwise re-examined in any court of the state unless the court can affirmatively say that there is no evidence to support the verdict, where the amount of damages assessed by the jury was fairly within the range of the evidence and therefore not unsupported by the evidence, neither the Circuit Court nor the Supreme Court could grant a new trial for excessiveness of the verdict.

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action by Lena Sigel against the Portland Railway, Light & Power Company, a corporation, for damages for personal injuries. The cause was tried before a jury. A verdict was rendered for $1,500 and a judgment entered thereon. Defendant filed a motion to set aside the judgment and award a new trial, upon the following grounds: (1) Excessive damages appearing to have been given under the influence of passion or prejudice; (2) insufficiency of evidence to justify the verdict; (3) that the verdict is against the law; and (4) error in law occurring at the trial and excepted to by the defendant. The trial court allowed the motion to set aside the judgment and grant a new trial, and plaintiff appeals.    REVERSED.

For appellant there was a brief over the name of *Beach, Simon & Nelson,* with an oral argument by *Mr. Roscoe Nelson.*

For respondent there was a brief over the names of *Mr. John B. Cleland* and *Wilbur, Spencer & Dibble,* with an oral argument by *Mr. Cleland.*

MR. JUSTICE BEAN delivered the opinion of the court.

It is stated in the bill of exceptions ''that the order setting aside said judgment was awarded by the court for the reason that the court was of the opinion that

the damages allowed in the verdict of the jury were excessive and that the allowance of the sum so considered excessive was due to the error of the court in failing to instruct the jury, as requested by the defendant, * * as follows: 'In determining the amount of damages, if any, to be allowed the plaintiff, I instruct you that no claim is made in plaintiff's complaint for any damages on account of permanent injury sustained by the plaintiff, and that therefore you cannot allow the plaintiff any sum by way of compensation for any permanent injury.' " The instructions given by the court in lieu of that paragraph were as follows: "If you shall find for the plaintiff, you must take into consideration, with the facts and circumstances in evidence, the bodily pain and suffering endured by her and resulting from injuries received. You may take into consideration the character and extent of her injury, her loss of time and her inability to work, if there is inability, for such time as she may have been unable to work, and her impaired capacity in the future; and you may consider the effect upon her ability to earn her living. You may also consider the nervous shock and the consequences thereof, if this nervousness was the result of this accident."

Plaintiff alleged that on July 22, 1911, she was a passenger upon the defendant's street-car; that when in the act of getting off, through a neglect of the servants of defendant, the car was suddenly started without allowing her sufficient time to alight safely; that in consequence thereof she was injured; that she was knocked senseless, injured on her chest, left arm and left foot and ankle, and sustained so violent a nervous shock that she was confined to her bed for six weeks as a result thereof; that at this time she still walks with difficulty and has been unable to work at her usual employment, to wit, tailoring; that she has

lost the time mentioned from her usual occupation, is still unable to perform the same, and has incurred medical and other expenses to the amount of $100, in addition to the suffering occasioned as the result of the injuries, all to her damage in the sum of $5,000. Defendant pleaded that the accident was caused by the negligence of the plaintiff. The plaintiff introduced evidence tending to support the allegations of her complaint, and to show that on account of the injury she had been confined to her bed for about six weeks following the accident; that she hurt her chest, side, left arm, and left foot at the ankle; that she suffered bodily pain and sustained such a nervous shock that her hands would "shiver" so that she could not sew; that formerly she earned $15 per week; that up to the time of filing the complaint she had been unable to work at her trade of tailoring, and that between the date of filing the complaint and the date of trial she had been able to work only a portion of the time, having found it impossible on account of her nervous condition, claimed by her to have resulted from the accident, to work for the ordinary number of hours per day, or to retain her position on account of not being able to work steadily; that she could not walk well; that prior to the injury her health had been good.

Counsel for plaintiff contend that there was no error in refusing the instruction requested, or in that given; and that the court erred in setting aside the verdict for the reason that the damages awarded by the jury were excessive, there being evidence tending to sustain such verdict. The contention of counsel for defendant is shown by a statement taken from their brief, as follows: "It was the duty of the court to consider the whole case, and if the judgment seemed excessive or unjust to set it aside, and that is exactly what the court did in this case." They invoke the rule which

obtained prior to the amendment October 8, 1910, of Section 3, Article VII (see Laws 1911, p. 7), of the Constitution, which provides in part that "no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict."

1. It is first necessary to consider the instruction requested by counsel for defendant, and not given, to the effect that no claim was made in the complaint for any damages on account of permanent injury. An allegation that plaintiff has been unable to work at her usual vocation as the direct result of injuries received, and at the date of filing the complaint is still incapacitated, with a general allegation of damages, is sufficient basis for an allowance for impaired capacity in the future, and for all injuries which necessarily follow as a result of the act complained of: 4 Sutherland, Damages (3 ed.), § 1244, p. 3611; *Bradbury* v. *Benton,* 69 Me. 194; *Meier* v. *Shrunk,* 79 Iowa, 17 (44 N. W. 209, 210); *Village of Ava* v. *Grenawalt,* 73 Ill. App. 633, 638. The allegations of plaintiff's complaint covered permanent injuries, and hence the instruction requested was properly refused. A claim for damages for impaired capacity is not a claim for special damages and need not be specially pleaded, and the instruction given by the court to the effect that the jury should consider plaintiff's impaired capacity in the future was properly given: 2 Sutherland, Damages (3 ed.), § 421, p. 1167; *Cook* v. *Missouri Pac. Ry. Co.,* 19 Mo. App. 329, 333; *City of Harvard* v. *Stiles,* 54 Neb. 26 (74 N. W. 399). The instructions fairly submitted the case to the jury.

2. We, therefore, come to the question of the authority of the Circuit Court to set aside the verdict for insufficiency of evidence since the adoption of the amendment to the Constitution referred to.

In the recent case of *Buchanan* v. *Lewis A. Hicks
Co.*, 66 Or. 503 (134 Pac. 1191, 1192), published about
the time of the hearing of the case at bar, this court
had under consideration the construction of Article
VII, Section 3, of the Constitution as to the authority
of any court to re-examine a fact tried by a jury. It
was contended by defendant's counsel in that case
that the verdict of $1,500 awarded plaintiff for the
slight injury which he suffered was so excessive that
an error was committed in refusing to set aside the
judgment and grant a new trial. Mr. Justice Moore,
after a thorough discussion of the question, said:
"That part of Article VII, Section 3 of the funda-
mental law, which prohibits a court from re-examining
any fact tried by a jury, when the verdict is based
on legal evidence properly admitted, should be so con-
strued as to effectuate the purposes and objects that
evidently induced the amendment. * * Applying this
legal principle to the parts of the amended section of
the organic act under consideration, it is believed that
the Supreme Court, on appeal, is powerless to re-
examine any fact tried by a jury, unless it, like the
lower court, in passing upon a motion for a new trial,
can affirmatively say there is no evidence to support
the verdict." In the case at bar the evidence on the
part of plaintiff tended to support the allegations of
her complaint. No passion or prejudice on the part
of the jury is suggested.

The jury were permitted by the instructions of the
court to take into consideration the plaintiff's bodily
pain and suffering, the extent of her injury, loss of
time, and her impaired capacity to earn her living in
the future, and awarded her as compensation therefor
the sum of $1,500. The condition of plaintiff caused
by the negligence complained of was explained in
detail by the physicians who were witnesses, and by

plaintiff, and it was shown what amount she had been able to earn prior to the accident. It therefore became the duty of the jury to determine the amount of her damages. Various men might, under the evidence, reach different conclusions in regard thereto. The damages assessed by the verdict do not indicate that the same were fixed in excess of an amount fairly within the range of the evidence, so that a court can affirmatively say there is no evidence to support the verdict. The trial court did not so find. The judgment on the verdict could not. be set aside without the re-examination of a question of fact which had been tried by a jury upon legal evidence and under proper instructions as to the law: *Forrest* v. *Portland Ry., L. & P. Co.,* 64 Or. 240 (129 Pac. 1048, 1050). Therefore, under the rule announced in *Buchanan* v. *Hicks,* 66 Or. 503 (134 Pac. 1191), neither this court nor the Circuit Court is authorized to set aside the verdict and grant a new trial: *Consor* v. *Andrew,* 61 Or. 483 (123 Pac. 46) ; *State* v. *Rader,* 62 Or. 37 (124 Pac. 195) ; *Sullivan* v. *Wakefield,* 65 Or. 528 (133 Pac. 641).

The lower court erred in granting the motion to set aside the judgment, and its order in this respect is reversed.                                    REVERSÉD.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.