Argued December 31, 1929; affirmed March 4, 1930

## TOOLEY v. SPOKANE, PORTLAND & SEATTLE TRANSP. CO.

(285 P. 261)

*Fletcher Rockwood* of Portland (Charles A. Hart and Carey & Kerr, all of Portland, on the brief) for appellant.

*A. E. Clark* of Portland and *Wm. W. Smith* of Estacada (Clark & Clark of Portland on the brief) for respondent.

RAND, J. Plaintiff, a passenger for hire on defendant's bus, sustained injuries in a collision between the bus and an automobile. This appeal is from a verdict and judgment in favor of plaintiff.

There are but two assignments of error, namely, the court's refusal to give a requested instruction and its denial of a motion for a new trial.

After the court had instructed the jury and placed it in charge of a bailiff, defendant requested the court to charge the jury that the question of defendant's negligence in selecting the driver "be specifically with-

drawn from the jury as not an issue in this case."
Counsel stated at the time: "I make that request
because the point was covered somewhat by argument
of counsel, and the jury, I think, should be straightened
out on that." In denying the motion, the court, as
shown by the bill of exceptions, ruled: "Well, I have
read to the jury verbatim the charges of negligence
contained in the complaint, and I have instructed the
jury that the plaintiff can only recover if you (he)
prove one or more of the elements of negligence as
contained in the complaint, by a preponderance of the
evidence, and that such negligence, if any, was a proxi-
mate or contributing cause of the accident. I think
that covers the situation." Defendant was then
granted an exception.

■ The record is wholly silent in respect to the
argument which was made to the jury. There was no
exception taken or ruling made on the argument to the
jury and there is nothing to show what matters were
argued before the jury. Various alleged acts of negli-
gence were charged in the complaint, but negligence in
respect to the selection of the driver was not one of
the elements charged and there was no evidence
offered upon that subject by either side. It was not
an issue in the case and, for that reason, unless wrong-
fully brought into the case, no instruction upon that
question would have been material or proper, and then
the only instruction would have been that the jury
would have no right to consider it in the case as it
was not a matter in issue. In fairness to plaintiff's
counsel, we deem it proper to state that neither in the
record nor in the briefs, nor in the argument here, is
any reference made to what was said leading up to
this request, nor is there any intimation that any
improper statement was made. Under these circum-

stances, the court having already instructed the jury as to what elements of negligence were charged and having also instructed it that it should consider those matters only and disregard everything else upon the question of negligence, it was proper for the court to deny the motion.

■ The grounds relied upon in support of defendant's motion for a new trial, as stated in the motion itself, are newly discovered evidence, excessive damages and no evidence to support the verdict. The first ground has since been abandoned. As to the second ground, no improper conduct on the part of the jury is charged, and no error was committed by the trial court in the trial of the cause. We, therefore, are not at liberty to question the amount of the damages awarded: *Timmins v. Hale,* 122 Or. 24 (256 P. 770); *Sigel v. Portland Ry. L. & P. Co.,* 67 Or. 285 (135 P. 866); *Buchanan v. Lewis A. Hicks Co.,* 66 Or. 503 (133 P. 780, 134 P. 1191). Upon the third ground, the evidence was not only conflicting but there was ample evidence, if believed, to warrant the verdict. The contention now made that the natural conditions surrounding the collision was that the evidence of the witnesses should be disregarded and the natural conditions control cannot be sustained under the circumstances disclosed by the record. The bus, at the time of the collision, was on the wrong side of the road. The reason for its being there and whether it was traveling at an excessive rate of speed are all disputed questions. The case, therefore, was purely one of fact for the jury.

For these reasons, the judgment appealed from must be affirmed.

Coshow, C. J., McBride and Rossman, JJ., concur.