# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

PHILIP D. McKIBBEN, individually and for and on behalf of LLC EVERETT I, a Washington limited liability company, and P.D. & M.K., LLC, a Washington limited liability company,

    Respondent,

v.

LEROY CHRISTIANSEN and JUDY CHRISTIANSEN, husband and wife and the marital community composed thereof; STEVEN M. FUESTON and JANE DOE FUESTON, husband and wife and the marital community composed thereof; and DAVID C. EBERT and MICHELLE EBERT, husband and wife and the marital community composed thereof,

    Petitioners,

FRANK COLACURCIO, JR. and JANE DOE COLACURCIO, husband and wife and the marital community composed thereof,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 68316-1-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 18, 2013

APPELWICK, J. — A trial court has broad discretion to manage the discovery process. When a party objects on the basis that documents requested during discovery are protected by the attorney-client privilege and work product doctrine, the trial court should determine whether a valid privilege exists. If so, it should evaluate whether the party waived the privilege or an exception to the privilege exists. In making those determinations, the trial court may, for instance, order the production of a privilege log, appoint a special master, or conduct in camera review. It may not, however, do what

was done here: order disclosure of the allegedly privileged materials and reserve its ruling on privilege for a later date. Such a ruling irreparably frustrates the purposes of the privileges, because what is seen cannot become unseen. In other words, "it is not an easy task to unring a bell." State v. Rader, 62 Or. 37, 40, 124 P. 195 (1912). We reverse and remand for the trial court to exercise its discretion and rule on the asserted privileges prior to ordering any disclosure of the challenged materials.

WE CONCUR: