T. H. GLAZE, RESPONDENT, *v.* SUSAN WHITLEY, EXECUTRIX, ETC. (SUBSTITUTED FOR A. H. WHITLEY, DECEASED), APPELLANT.

INSTRUCTIONS.—It is not error to refuse instructions, however correct in principle, where there is no testimony tending to prove the facts material in the issue on trial.

EVIDENCE OF STATEMENTS BY A WITNESS CONTRADICTING HIS TESTIMONY IS AN IMPEACHMENT OF HIS CHARACTER FOR TRUTH, AND ADMITS TESTIMONY OF GOOD CHARACTER IN REBUTTAL.—Testimony going to show that a witness has made, at other times, statements inconsistent with his testimony, is an impeachment of his general character for truth and veracity, and in such a case evidence of general good character for truth and veracity may be offered in rebuttal. Evidence of good character is admissible whenever the character of a witness has been impeached in any of the ways permitted by the statute.

PROBABLE CAUSE—INTENTIONAL SHOOTING.—An intentional shooting of one person by another, which results in death, is sufficient in law to constitute probable cause for the arrest of the person who did the shooting, although a jury may find from the evidence that the shooting was in self-defense.

IDEM.—An intentional killing with a deadly weapon is *prima facie* evidence of probable cause for arrest and presentation before the grand jury.

MALICIOUS·PROSECUTION—WHAT MUST BE SHOWN IN ACTION FOR.—To sustain an action for malicious prosecution in criminal cases, it must be shown both that the prosecution was malicious and that it was without probable cause.

APPEAL from Polk County.

This was an action in the Circuit Court for Polk County against A. H. Whitley in his lifetime for malicious prosecution.

The complaint charges that Whitley, maliciously intending to injure Glaze in his good name, without probable cause, charged him, in conjunction with one Frank McCann, with having purposely committed an assault with intent to kill one William Whitley by shooting him, and with maliciously and without probable cause procuring the said plaintiff to be arrested upon said charge.

Defendant answered the complaint, denying that he procured the arrest of said Glaze maliciously or without probable cause, and setting up as new matter that he did purposely shoot said William Whitley, from which shot Whitley died soon after. The answer also alleges that before making complaint to the justice he, defendant, counselled with an attorney, to whom he stated fully all the circumstances of the shooting, and that he was advised by said attorney that there was probable cause for the arrest of said Glaze, and that the arrest was procured upon said advice.

The replication admits the shooting and killing of William Whitley, but claims that it was done in self-defense, and denies that the arrest was procured on the advice of counsel.

The plaintiff recovered a judgment in the Circuit Court for eight hundred and sixty-six dollars and costs, from which judgment an appeal has been taken to this Court.

*P. C. Sullivan and E. C. Bronaugh*, for Appellant.

*J. J. Daley, L. Vinyard and John Kelsay*, for Respondent.

By the Court, PRIM, J.:

At the trial of this action it appeared in evidence that the criminal prosecution against plaintiff was dismissed without any examination of the evidence before the examining magistrate, on the motion of J. A. Applegate, an attorney employed by A. H. Whitley for the prosecution. This motion was founded upon a statement made by said attorney, to the effect that, having diligently inquired into the facts concerning the killing of William Whitley, and a coroner's jury having investigated the matter, and having found that said killing was justifiable, he was satisfied the charge could not be sustained.

Upon this point the Circuit Court instructed the jury that "the discharge of the plaintiff, by the examining magistrate, is *prima facie* evidence of a want of probable cause sufficient to throw upon the defendant the *onus* of proving the contrary." This instruction, it is claimed by counsel for appellant, was erroneous. On looking into the authorities upon this question, we find they are very conflicting, and the court being divided in opinion upon the point, we decline to pass upon that question at present, since it is unnecessary to do so in order to decide the case, in the view we have taken of it.

Counsel for defendant then asked the court to instruct the jury that "if they believe, from the evidence, that defendant fairly stated all the facts and circumstances of the shooting of William Whitley by the plaintiff, to his counsel, J. A. Applegate, and that said counsel advised the serving out of said warrant, then said facts constitute, in law, probable cause for plaintiff's arrest."

This instruction was refused, and such refusal is assigned here, by appellant, as error. Although this matter appears to have been put in issue by the pleadings, it was not error to refuse the instruction, for the reason that the bill of ex-

ceptions fails to disclose any evidence tending to prove the facts pertinent to that issue, and if there was no evidence on this point, the instruction was not pertinent, and was properly refused.

Plaintiff, having been called as a witness in his own behalf, undertook to give a very full account of the row between himself and the Whitleys, and particularly of the circumstances in relation to the killing of William Whitley; and in cross-examination, having been asked if he had not, at certain other times and places, and in the presence of certain parties, made statements inconsistent with his present testimony, he denied having made statements to which his attention was particularly called. Several witnesses were afterwards sworn in behalf of defendant, who testified to statements made by the plaintiff at other times inconsistent with his testimony before the court. Plaintiff was then allowed to rebut, by swearing witnesses as to his character for truth and veracity, which testimony the defendant claims was improperly admitted, for the reason that plaintiff's character for truth and veracity was not involved in a suit for malicious prosecution. On the other side, it is insisted that plaintiff, being a witness as well as a party, and other witnesses having sworn to statements made by him at other times, inconsistent with his testimony in court, it was in some sort an impeachment of his general character for truth and veracity. In the latter view we concur. It is the proper one to be adopted under these circumstances. (1 Greenleaf on Ev., § 469.)

Section 830 of the Civil Code provides that "a witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his character for general truth is bad," etc. Section 831 provides that "a witness may also be impeached by evidence that he has made at other times statements inconsistent with his present testimony." Section 832 provides that "evidence of the good character of a witness is not admissible in every action, suit or proceeding until the character of such witness has been impeached."

From this we infer that evidence of good character is ad-

missible whenever the character of a witness has been impeached in any of the ways provided for in the sections just above cited.

The defendant's counsel asked the court to instruct the jury that "if they believe, from the evidence, that about the 24th day of August, 1872, the plaintiff, Glaze, intentionally shot William Whitley, from the effects of which he died, and that the defendant procured the arrest of said plaintiff for said shooting, then said facts are sufficient in law to constitute probable cause for his arrest, although the jury may believe, from the evidence, that the shooting was done in self-defense."

Defendant also asked the following instruction: "In a prosecution for a homicide in a row by a person armed with a deadly weapon, the proof by the prosecution that defendant, in such prosecution, actually killed deceased, is *prima facie* evidence of probable cause for the prosecution."

Both of these instructions were refused, and we are of opinion that both of them should have been given.

To sustain an action for malicious prosecution in criminal cases, it must be shown that the prosecution was malicious and without probable cause; both must concur. If probable cause exists and the prosecution be malicious and unfounded, the malice of the prosecutor weighs nothing—the action cannot be sustained. (2 Greenleaf on Ev. 453.)

The main question in this case is whether there was probable cause or not, and the question of probable cause is composed of both law and fact, it being the province of the jury to determine whether the circumstances alleged are true or not, and of the court to determine whether they amount to probable cause. (2 Greenleaf, § 454.)

If the plaintiff intentionally killed Whitley with a deadly weapon, such killing was *prima facie* evidence of a criminal killing and probable cause for the arrest, notwithstanding an investigation of the facts might prove it to be justifiable homicide.

In *Dietz* v. *Langfitt* (63 Pa. State Reports, 234), Chief Justice Thompson, in delivering the opinion of the court, said: "I presume it is the first time in the history of judi-

cial proceeding that, in a prosecution for homicide unmistakably committed, begun before it could be known whether it was willful, negligent or accidental, the prosecution was ever punished for putting the law in motion to ascertain whether there was guilt in it or not. As all homicides are presumably unlawful, the fact of itself is probable cause for proceeding against the perpetrator." He further said: "It is the duty of every citizen to procure a warrant where there is good reason to believe that a high crime has been committed."

These views sufficiently indicate that the judgment below should be reversed and the cause be remanded back for a new trial, and it is so ordered.