Argued October 13, reversed November 10, 1914.

## BARNES *v.* SILVERFIELD.

(144 Pac. 527.)

**Malicious Prosecution—Probable Cause—Conflicting Evidence—Direction of Verdict.**

1. Where, in an action for malicious prosecution, the evidence was conflicting as to whether defendant had probable cause to charge plaintiff with larceny by reason of his unexplained possession of recently stolen furs, or whether he instituted the prosecution with knowledge that the furs were not those which had been stolen, it was error to direct a verdict for defendant.

[As to what is necessary to support an action for malicious prosecution, see notes in 12 Am. Dec. 265; 26 Am. St. Rep. 127.]

**Malicious Prosecution—Probable Cause.**

2. Where furs stolen from a furrier are found in the unexplained possession of one recently in his employ, who was the only person beside himself having access to the place where the furs were stored,
73 Or.—9

there is sufficient "probable cause" to warrant the furrier in prosecuting his former employee for larceny; but no such cause exists where other persons have had an equal opportunity to steal the furs, and the furs found in the employee's possession, though similar to those stolen, belong to his new employer, also a furrier, which facts were made known to his former employer prior to the institution of the prosecution.

[As to possession of stolen property as evidence of probable cause in action for malicious prosecution, see note in Ann. Cas. 1912A, 745.]

From Multnomah: GEORGE N. DAVIS, Judge.

Department 1. Statement by MR. JUSTICE BURNETT.

This is an action by Ross C. Barnes against Saul Silverfield to recover damages for malicious prosecution. The substance of the complaint, in which there are two counts, is that the defendant maliciously and without probable cause procured a justice of the peace to issue a warrant on a complaint charging the plaintiff here with the larceny of two mink skins, upon which precept he was apprehended. When the matter came on for hearing, the complaint was dismissed at the instance of the defendant, who at once filed a new complaint against this plaintiff maliciously and without probable cause accusing him of the larceny of ten mink skins of a value sufficient to make the offense a felony. The complaint asserts that by the deception of the defendant, practiced upon the justice of the peace, the plaintiff was held to answer the charge of felony upon which the grand jury afterward returned "Not a true bill," thus terminating the prosecution favorably to the accused.

After sundry denials the substance of the answer is that the plaintiff here had been an employee of the defendant for some years and had left his service; that immediately thereafter the defendant missed a large amount of his goods, some of which he found in the plaintiff's possession; that thereupon he consulted

with attorneys and with the district attorney, to all of whom he stated fully and fairly all the facts within his knowledge respecting the loss of his goods and the connection of the plaintiff therewith, and was advised that probable cause existed for the charge against the plaintiff, and that, acting upon such counsel, he instituted the prosecution mentioned.

The reply traverses the new matter in the answer. At the trial, at the close of plaintiff's case, the Circuit Court overruled a motion of the defendant for a judgment of nonsuit, but at the close of all the testimony directed a verdict for the defendant. From the ensuing judgment the plaintiff appeals.

REVERSED.

For appellant there was a brief with oral arguments by *Mr. E. P. Stott* and *Mr. Frank T. Collier.*

For respondent there was a brief over the names of *Mr. Thomas O'Day* and *Messrs. Chamberlain, Thomas & Kraemer,* with oral arguments by *Mr. O'Day* and *Mr. Otto J. Kraemer.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The directed verdict is the basis of the only assignment of error, the contention being that the Circuit Court had no right under the state of the evidence to say conclusively that probable cause existed for the prosecution of the plaintiff in the criminal proceedings mentioned. The rule on this subject is thus prescribed in *Hess* v. *Oregon Baking Co.,* 31 Or. 503, 512 (49 Pac. 803, 805):

"The credibility of the evidence, and what facts it proves, are for the jury; but whether such facts do or do not constitute probable cause is a question exclu-

sively for the court. The court should therefore, by means of a hypothetical instruction, group the facts which the evidence tends to prove, and instruct the jury that, if they find such facts to have been established, they must find that there was or was not probable cause"—citing many authorities.

The testimony in the case is voluminous, having taken a very wide range. An extended rehearsal of the evidence is impracticable within the limits of an ordinary opinion, and only a brief epitome can be here set down. The plaintiff here had been several years in the employment of the defendant, who was conducting business as a furrier in the City of Portland. The theory of the defendant was that he missed 97 mink skins as the result of an inventory made by him immediately after the plaintiff left his service; that the plaintiff in a few days thereafter established himself in business as a rival furrier in Portland; that, having procured a search-warrant, he found in the store where the plaintiff was in business at least 10 mink skins which the defendant here claims as his own; that while the plaintiff was in his employ no one had access to the place where the furs were stored, except the parties to this suit. In short, he relied upon what he claims to be the fact that his goods had recently been stolen, and found by him in the possession of the plaintiff here soon afterward, and that his custody of the property was wholly unexplained; his deduction being that there was probable cause to believe the plaintiff guilty of the larceny. It must be admitted that there is some testimony tending to explain this theory.

On the other hand, the contention of the plaintiff is that many other employees of the defendant had equal access to the place where the furs were stored; that he left the service of the defendant, and was after-

ward employed by another furrier having no interest
in the business himself; that his new employer had
purchased furs from a broker which were similar in
appearance and marked like those claimed by the de-
fendant; that the particular furs found in the store
where the plaintiff was at work had been delivered to
him by his new employer only a short time before;
that when the defendant came to search the store he
was told by the new employer that the furs found be-
longed to the latter and had been purchased from a
broker; and that with this knowledge of the real truth
the defendant stubbornly persisted in causing his
arrest and prosecution with the result noted. The
record contains ample evidence also to support this
theory of the case.

2. It is sufficient to say that if in fact the plaintiff
was the only one besides the defendant who had ac-
cess to the place where the furs were stored, if indeed
they were stolen, and if in truth those afterward
found in the possession of the plaintiff were the de-
fendant's property, which possession was unexplained,
there would exist probable cause for the apprehension
of the plaintiff. On the other hand, if many other
people had an equal opportunity to purloin the goods,
if the goods found in the possession of the plaintiff
were delivered to him by his new employer and were
in fact the property of the latter, and these facts were
made known to the defendant prior to or at the time
he caused the arrest of the plaintiff, then no probable
cause for the prosecution would exist. There is a
marked controversy in the testimony about the facts
which are necessary as a foundation of the court's
legal conclusion that there was probable cause for the
prosecution. The same is true in respect to the facts
upon which as a basis the court should say to the jury

as a matter of law that there was want of probable cause. The issue of probable cause, or absence thereof, involves a mixed question of law and fact, the latter ingredient of which invariably must be submitted to the jury, if there is any dispute in the testimony on that point. It is only where the necessary facts are admitted, or else are proven by testimony which the law makes conclusive, that the court can take the case from the jury on the matter of probable cause or lack thereof. Each horn of the dilemma arising from the divergent theories of the parties should have been presented to the jury by an appropriate hypothesis, accompanied by a declaration of the law applicable to each, leaving to the jury the duty of determining which of the two postulates was true in point of fact. The Circuit Court was right in denying the defendant's motion for judgment of nonsuit, because there was testimony which the jury could consider as sustaining the complaint. This being true, it was not only inconsistent, but also erroneous, to direct a verdict for the defendant.

The judgment is reversed and the cause remanded for further proceedings. REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.