Argued March 23, reversed May 31, rehearing denied June 29, 1927.

## D. J. TIMMINS *v.* J. R. HALE.

(256 Pac. 770.)

**New Trial—Court may Set Aside Judgment on Verdict and Grant New Trial for Prejudicial Error as to Matters not Called to Court's Attention or not Excepted to (Const., Art. VII, § 3c).**

1. Trial court may set aside judgment on verdict and grant new trial for prejudicial error of law as to matters not called to court's attention during trial and matters not excepted to, if not prohibited by Constitution, Article VII, Section 3c, respecting *quantum* of evidence, and error prevented party complaining from having case fairly presented and tried, and would have justified reversal of judgment on appeal had matter been seasonably called to court's attention, adverse ruling made, and exception taken.

**New Trial—Ruling and Exception is Unnecessary to Authorize Trial Court to Set Aside Judgment and Grant New Trial.**

2. As respects necessity of ruling or exception in lower court there is clear distinction between trial court's power to set aside judgment and grant new trial and power of Supreme Court to re-

verse judgment on appeal, as not error alone, but error legally excepted to constitutes ground for reversal.

**New Trial—Court Exercises No Discretionary Power in Setting Aside Judgment on Verdict and Granting New Trial for Errors of Law on Trial.**

3. Trial court, in granting motion to set aside judgment on verdict and grant new trial for errors of law occurring on trial, or in setting aside judgment on his own motion, exercises no discretionary power, but is controlled by positive rules of law.

**New Trial—Failure to Instruct That Tenant, Suing Landlord for Malicious Prosecution of Larceny Charges, had Burden of Proving Parol Modification of Written Lease to Authorize Removal of Personalty Held not Ground for New Trial.**

4. Failure to instruct jury, in tenant's action against landlord for malicious prosecution of larceny charges, that plaintiff had burden of proving that written lease was modified by parol, so as to authorize plaintiff to remove certain personalty from premises, *held* not prejudicial to defendant nor proper ground for disturbing verdict for plaintiff, in view of evidence, failure to request instruction on such point, and general instruction on burden of proof.

**New Trial—Failure to Instruct, in Tenant's Action Against Landlord for Malicious Prosecution of Larceny Charges, as to Evidence of Value of Property Taken, Held not Ground for New Trial.**

5. In tenant's action against landlord for malicious prosecution for larceny charges, failure to instruct jury respecting recital in lease and plaintiff's testimony as to value of property, which plaintiff had option to purchase, *held* not ground for setting aside judgment for plaintiff and granting new trial; there being no issue as to value of property, and defendant's remedy · being withdrawal of testimony from jury's consideration.

**New Trial—Failure to Instruct Without Request That Witness' Previous Inconsistent Statements were not Substantive Proof of Facts Stated Held not Ground for New Trial.**

6. Failure to instruct jury, without request, in tenant's action against landlord for malicious prosecution of larceny charges, that witness' previous statements, inconsistent with her present testimony, were not substantive proof of facts stated, *held* not ground for setting aside judgment on the verdict for plaintiff and granting new trial, in absence of showing that jury was misled or defendant denied fair and impartial trial.

**Witnesses—Evidence of Witness' Previous Inconsistent Statements is Admissible to Impeach Her.**

7. Evidence that witness had previously made statements inconsistent with her present testimony is admissible for purpose of impeaching her.

---

3. See 20 R. C. L. 227.
7. See 28 R. C. L. 633.

Pleading—Defective Allegations That Defendant, in Malicious
Prosecution Suit, Knew That Plaintiff was Innocent, and Gave
and Induced Perjured Testimony Against Him, Held Cured by
Verdict for Plaintiff.

8. Allegations of reply, not challenged by motion or otherwise,
and supported by evidence not objected to, that defendant, in action
for malicious prosecution, knew that defendant was not guilty of
crimes charged at time of making charges, and gave and induced
others to give false and perjured testimony against plaintiff before
committing magistrate and grand jury, were defective in form at
most, not in substance, and hence cured by verdict for plaintiff.

Malicious Prosecution—Probable Cause for Prosecution is Question
for Jury, Unless Facts are Undisputed and Permit but One
Inference.

9. If facts, alleged to constitute probable cause for prosecution,
are admitted or undisputed, and only one inference can be drawn
therefrom, in action for malicious prosecution, question is one
of law for court, but, if facts are disputed, or different inferences
may be drawn from evdence, question is for jury under appropriate
instructions as to law applicable to facts.

Malicious Prosecution—Where Facts are Controverted, Court must
Direct Jury to Find Probable Cause or Want Thereof, if Par-
ticular Facts Exist.

10. Existence of probable cause for prosecution is mixed ques-
tion of law and fact, and, where facts are controverted in action
for malicious prosecution, court must inform jury that, if they find
particular state of facts, they must find probable cause or want
thereof, and it is improper to give instruction merely defining prob-
able cause.

Malicious Prosecution—Instruction on Evidence of Probable Cause
Held not Erroneous as Leaving Jury to Determine Whether
Facts were Within Definition of Probable Cause.

11. Instructions, in action for malicious prosecution, that plain-
tiff must establish to jury's satisfaction by preponderance of evi-
dence that defendant acted maliciously and without probable cause,
and that fact that plaintiff was bound over by committing magis-
trate to grand jury on two charges was *prima facie* evidence of
probable cause, rebuttable only by evidence that magistrate's action
was procured by fraud or false and perjured testimony, *held* not
prejudicial to defendant, nor erroneous as leaving jury to determine
whether facts were within definition of probable cause.

New Trial—Instructions on Theory of, and in Accordance With,
Defendant's Requested Instructions, Held not to Warrant Grant-
ing Him New Trial.

12. Instructions in effect precisely as requested by defendant,
and in accordance with every theory on which he presented case
to court and jury, though not in clear, concise and accurate lan-
guage of requested instructions, did not deprive defendant of fair

---

9. See 18 R. C. L. 58.

and impartial trial, so as to warrant setting aside judgment on verdict for plaintiff and granting new trial.

New Trial—Admission of Plaintiff's Honorable Discharge from Army, in Action for Malicious Prosecution of Larceny Charges, Held not Prejudicial Error, Authorizing New Trial.

13. Admission of evidence of plaintiff's honorable discharge from army, in action for malicious prosecution of larceny charges, *held* not such prejudicial error as to authorize court to grant new trial after judgment on verdict for plaintiff; evidence that his previous reputation rendered it unlikely that he would commit such crime being admissible to refute defendant's allegations of reasonable grounds for having plaintiff arrested and evidence of truth of charges.

Evidence—Malicious Prosecution—Plaintiff's Reputation for Honesty Held Relevant and Provable by Honorable Discharge from Army, in Action for Malicious Prosecution of Larceny Charges.

14. In action for malicious prosecution of larceny charges, wherein answer set up reasonable grounds for having plaintiff arrested, and defendant introduced evidence of truth of charges, plaintiff's general reputation for honesty and fair dealing was relevant to issue, and provable by his honorable discharge from army.

Criminal Law—Courts, not Prosecuting Attorneys, have Power to Dismiss Criminal Actions (Or. L., §§ 1704, 1705).

15. Under Sections 1704, 1705, Or. L., power to dismiss criminal actions resides in courts, not prosecuting officers, though courts generally follow district attorney's recommendations.

Malicious Prosecution—Defendant, in Malicious Prosecution Suit, Held not Entitled to Instruction That Prosecution is Under District Attorney's Control.

16. Defendant, in action for malicious prosecution, *held* not entitled to instruction that prosecution of criminal actions was under district attorney's, not defendant's, control; defendant being responsible for consequences naturally and ordinarily resulting from his own wrongful act in instituting actions maliciously and without probable cause.

New Trial—Trial Court cannot Grant New Trial Merely Because of Excessive Damages Awarded (Const., Art. VII, § 3c; Or. L., § 174).

17. In view of Constitution, Article VII, Section 3c, trial court can no longer grant new trial, under Section 174, Or. L., because of excessive damages awarded, in absence of showing of any misconduct of jury.

Appeal and Error, 3 C. J., p. 856, n. 40, 41, p. 895, n. 52; 4 C. J., p. 709, n. 26, p. 710, n. 41, p. 1167, n. 95, p. 1173, n. 70.

Malicious Prosecution, 38 C. J., p. 482, n. 64, p. 489, n. 55, p. 502, n. 18, 19, p. 503, n. 20, p. 504, n. 25, p. 505, n. 31, 32, p. 511, n. 94, p. 512, n. 24, p. 513, n. 39, p. 514, n. 40, 41.

New Trial, 29 Cyc., p. 759, n. 87 New, p. 790, n. 10, p. 839, n. 91.

Pleading, 31 Cyc., p. 718, n. 76, p. 767, n. 34.

Trial, 38 Cyc., p. 1756, n. 1.

Witnesses, 40 Cyc., p. 2687, n. 93, p. 2714, n. 93.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 1.

REVERSED. REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. H. S. McCutchan.*

For respondent there was a brief over the names of *Mr. John M. Pipes* and *Mr. George A. Pipes,* with an oral argument by *Mr. John M. Pipes.*

RAND, J.—This is an appeal from an order setting aside a judgment for plaintiff and granting a new trial to defendant. The action was for malicious prosecution and plaintiff had verdict and judgment for $10,230, $5,000 as general damages, $5,000 as exemplary damages and $230 as special damages. The order recites eight grounds upon which the action of this court was based, which we have numbered for our own convenience; these are:

"That in consequence of inadvertence to which the attention of the court was not called, and to which no exception was taken, the defendant has not had his cause properly presented.

"1. In this respect the court finds that it should have instructed the jury more specifically in regard to plaintiff's claim that the written lease in evidence was modified by an oral agreement, and should have told the jury that the plaintiff had the burden of proof to show such modification.

"2. The court should also have instructed the jury concerning the evidence in relation to the value of the furniture described in the lease, and in this respect called their attention to the testimony on behalf of plaintiff to the effect that the furniture was of the

value of about $500, and to plaintiff's written option to buy said furniture for $3,500.

"3. The court should have, by a proper instruction, limited the effect of the impeaching testimony of Mr. McCutcheon, and the unsigned statement of Mrs. Tuetschman which was in evidence. The effect of this testimony and this statement could only have been to impeach Mrs. Tuetschman, and should have been limited for that purpose.

"4. The court should not have submitted to the jury to find whether the judgment of the committing magistrate had been overcome by fraud and perjury, for the reason that such fraud and perjury was not sufficiently pleaded.

"5. The court also finds that the verdict and judgment should be set aside and a new trial granted on account of errors occurring at the trial which were excepted to by the defendant.

"In this respect the court should not have submitted to the jury to find whether or not there was probable cause for the arrest of the plaintiff.

"6. The court also finds that the certificate of honorable discharge from the Army was introduced over defendant's objection and exception, and the court is of the opinion that this should have been ruled out, as it was not relevant to prove the general reputation of plaintiff in this community.

"7. The court finds that defendant was entitled to an instruction to the effect that the dismissal of the prosecution against plaintiff was in the control of the district attorney. An instruction on this point was requested, and an exception taken to the court's failure to give it.

"8. The court also finds, from a consideration of the whole case, that the jury was influenced by passion and prejudice, which prevented a fair trial, and as a result of this passion and prejudice the damages were excessive."

1. Before discussing these matters it is proper to consider the power of a trial court to set aside a judgment and grant a new trial in the light of the former decisions of this court and of the 1910 amendment to the state Constitution. The Constitution now provides that "no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict." Art. VII, § 3. This court said in *Archambeau* v. *Edmunson,* 87 Or. 476, 486 (171 Pac. 186), that before the adoption of this amendment,

" * * the granting or denial of a motion for a new trial was a matter resting within the discretion of the trial court, whose action upon the application would not be disturbed upon appeal, except in case of a manifest abuse of what should have been an exercise of sound judgment. * * Since that amendment became operative it has been held that the granting of a new trial was not a matter of discretion; that an order for the rehearing of a cause could not be sanctioned except when the court had committed some error, which if properly excepted to or seasonably called to the attention of the court and the motion denied, would have been sufficient cause for a reversal of the judgment if it had been brought up for review; and that under such circumstances the trial court upon motion or *sua sponte* possessed adequate power and was authorized within the prescribed time, to correct the error which it had committed by granting a new trial."

After stating the rule as above the court then said:

"The rule thus established ought in our opinion to be enlarged so that, when by reason of some misapplication of the principles of law to which no exception has been taken, or in consequence of some

inadvertence to which attention has not been called, if the court is satisfied that a party has not had his cause properly presented, justice which should be dispensed in all cases sanctions the setting aside of a judgment rendered upon a verdict and the granting of a new trial, when such action of the lower court does not violate Article VII, Section 3, of the Constitution of Oregon respecting the *quantum* of evidence.''

In *Bottig* v. *Polsky,* 101 Or. 530 (201 Pac. 188), the correctness of this latter rule was questioned, for the court said: ''If the question were *res integra,* it might be difficult to reach the conclusion adopted in *Archambeau* v. *Edmunson,*'' but nevertheless the same rule was followed in that case because of the doctrine of *stare decisis* which binds a court to follow its previous decisions.

In *Spokane County* v. *Pacific Bridge Co.,* 106 Or. 550 (213 Pac. 151), it was held that:

''The authority of a trial court to set aside a verdict and judgment and grant a new trial is not restricted to the cases indicated in the foregoing statement of plaintiff's contention, but extends to cases where, by reason of some misapplication of the principles of law, to which no exception has been taken, or in consequence of some inadvertence to which attention has not been called, the court is satisfied that a party has not had his cause properly presented.''

The rule stated in the case last cited is restated and followed in *American National Bank* v. *Kerley,* 109 Or. 155, 194 (220 Pac. 116, 32 A. L. R. 262), and in *Southern Oregon Co.* v. *Kight,* 112 Or. 66 (228 Pac. 832), and is now well settled, and as said in *American National Bank* v. *Kerley,* an order granting a new trial ''must be affirmed if during the trial any preju-

dicial error was committed of which the respondents can complain.''

2. From these decisions it is now settled law in this state that a trial court is authorized to set aside a judgment and grant a new trial because of some error of law occurring upon the trial as to matters not called to the attention of the court during the trial and as to matters to which no exception was taken. But before the court is authorized to act, the error must have been prejudicial and it must have prevented the party in whose interest the power is invoked from having his case fairly presented and tried, and we think it must have been an error which if the matter had been seasonably called to the attention of the court and an adverse ruling made and an exception taken, would have been sufficient to justify the reversal of the judgment upon appeal; for as has been said, ''no man is entitled to more than one fair trial,'' and therefore insignificant errors or irregularities which are not prejudicial are not grounds upon which a trial court is authorized to exercise the power of setting aside a judgment on a verdict and granting a new trial. In respect to the necessity of there having been a ruling in the lower court and an exception taken which is requisite to a reversal upon appeal, there is a clear and well-recognized distinction between the power of the trial court on the one hand to set aside a judgment and grant a new trial, and the power of the Supreme Court to reverse a judgment upon appeal, for it has been repeatedly held by this court, that it is not error alone, but error legally excepted to that constitutes grounds for reversal: *Maddox* v. *McHatten,* 111 Or. 324 (224 Pac. 833, 226 Pac. 427), and authorities there cited.

3. There are other grounds provided for by statute for the setting aside of a judgment and the granting of a new trial in the granting of which the trial court exercises a discretionary power. But as to the matters hereinbefore referred to, namely, the setting aside of a judgment and granting a new trial because of errors of law occurring upon the trial, the court in granting the motion or in setting aside the judgment upon his own motion exercises no discretionary power, for in such case the court is controlled by positive rules of law. Having thus defined the powers of a trial court to set aside a judgment and grant a new trial for errors at law occurring upon the trial, we will now consider the grounds assigned by the court for its decision and state facts pertinent thereto.

4. The first ground assigned as the reason for granting a new trial is that the court should have instructed the jury that plaintiff had the burden of proving that the written lease had been modified by parol. There is no mention of the lease in the complaint. The answer sets up the lease of certain premises together with the furniture therein by defendant to plaintiff and alleged that it contained as one of the terms thereof a stipulation that none of the personal property should be removed from the leased premises and the lease offered in evidence so recites. The reply alleged that the lease was modified so as to give plaintiff the right to remove certain personal property from the premises and to replace it with other like articles of equal value. Plaintiff offered evidence tending to show that a large number of mattresses mentioned in the lease were either worn out or in such a filthy condition that they could not be used and that he had had these mattresses re-

122 Or.—3

moved from the premises by consent of the defendant and had some of them repaired and returned to the building. He also testified that some of the furniture had become broken and unfit for use, and that defendant consented to his removing such furniture and replacing it with other furniture of like value and that under this authority he had removed three dressers which belonged to plaintiff and had replaced them with others. While this testimony was in part contradicted by defendant, defendant contradicted nothing concerning the mattresses and admitted that he saw these dressers while they were being removed and so far as the whole testimony shows, he made no complaint until long afterwards. It also appears from the testimony that a fire occurred in the building, and that some of defendant's personal property was destroyed by fire, and that after the fire there was a dispute between plaintiff and defendant as to the ownership of a part of the personal property then in the building, and that after this dispute defendant had plaintiff arrested for the larceny of these mattresses and dressers upon two criminal charges and had another party to institute another criminal prosecution against him. The court gave no special instruction in respect to the burden of proof as to the modification of the lease concerning the matters above referred to, but did instruct the jury that the burden of proving plaintiff's case rested with plaintiff and that he must prove his case by a preponderance of the evidence, or fail in the action. In the trial of the cause defendant was represented by an exceptionally able lawyer and no request for an instruction upon this point was made. We do not think that the failure of the court to instruct upon this

point was prejudicial to defendant, or that it was a proper ground for disturbing the verdict.

5. The second ground is untenable. The lease contained a provision giving plaintiff's assignor the right to purchase the leased personal property for the sum of $3,500 and if purchased for that sum, provided for a decrease of the amount to be paid as rental. Upon the trial plaintiff testified without objection that after the fire this personal property was not worth to exceed $500. There was no issue as to the value of this property, and the matter was wholly irrelevant and immaterial. Defendant's remedy, if one is needed, was to have this testimony withdrawn from the consideration of the jury and not an instruction in respect to the recital in the lease of the value of the property.

6, 7. The third ground for a new trial grows out of the fact that defendant caused plaintiff to be arrested on two criminal charges, and there was evidence tending to show that he induced a Mrs. Tuetschman to file a third charge and on the trial of the instant case called her as a witness for defendant. Upon her direct examination she testified to a certain state of facts tending to show that plaintiff was guilty of the crimes charged. Upon her cross-examination, plaintiff sought to impeach her by showing that she had previously made statements that had been reduced to writing in the form of an affidavit which she had refused to sign, and that these statements were inconsistent with her present testimony, and later introduced evidence tending to show that she had made such statements. The contention is that her previous statements not being substantive proof of the facts stated by her, the court should have instructed the

jury to that effect, although no request was made
therefor. Although proof of her previous statements
was admissible only for the purpose of impeaching
her and such statements were not substantive evi-
dence of the truth of the facts previously stated by
her, the impeaching questions were proper and there
was no misdirection of the jury. After a careful con-
sideration of the entire record, we find nothing tend-
ing to show that the jury was in any way misled by
the court's failure to instruct the jury upon this
point, or that such failure prevented the defendant
from having a fair and impartial trial, and for that
reason we think that the failure of the court in re-
spect to the matter referred to was not ground for a
new trial. Evidence tending to show that the wit-
ness had previously made statements inconsistent
with her present testimony was admissible for the
purpose of impeaching the witness, and since it was
admissible for that purpose if defendant had desired
to have its effect limited to that particular purpose,
he should have called it to the attention of the court,
and not having done so he ought not now to be heard
to complain; certainly not unless he can show that
it prevented him from having his case fairly pre-
sented and tried, and this he has wholly failed to do.

8. The fourth ground for new trial is based upon
a supposed insufficiency of the pleadings to admit
proof of fraud and perjury upon the part of the de-
fendant in making false criminal charges against
plaintiff and in inducing Mrs. Tuetschman to do the
same and in giving false and perjured testimony upon
the examination thereof before the committing magis-
trate. The answer alleged that the defendant made
two criminal charges and that Mrs. Tuetschman made

a third charge, and that plaintiff was bound over on the charge made by Mrs. Tuetschman and on one of the charges made by defendant, and that because defendant was so bound over, the finding of the committing magistrate constituted probable cause and justified the defendant in causing the arrest of plaintiff. The reply admitted that three criminal charges were filed and alleged that plaintiff was discharged upon one of said charges after a hearing, and that he waived examination upon the other two, and in effect alleged that at the time of the making of said criminal charges, defendant well knew that plaintiff was not guilty of the crimes charged and that upon the hearing before the committing magistrate defendant himself gave, and induced others to give, false and perjured testimony against plaintiff and later testified falsely before the grand jury, and also alleged that after investigation by the grand jury, not true bills as to the other two charges were returned by the grand jury. These allegations of the reply were not challenged by motion or otherwise, and the evidence offered by plaintiff in support thereof was not objected to. If the allegations were defective as claimed, the defect was one in form and not in substance, and hence was cured by the verdict.

9, 10. The fifth ground is that in submitting the cause to the jury the court erroneously left to the jury the determination of a question of law, namely, whether there was probable cause for defendant to cause the arrest and prosecution of plaintiff upon the criminal charges in question. In actions for malicious prosecution, if the facts alleged to constitute probable cause are admitted or undisputed and only one inference can be drawn therefrom, the question

is one of law for the court, but if the facts are in dispute, or if different inferences may be drawn from the evidence, the question of probable cause is for the jury under appropriate instructions from the court as to the law applicable to the facts. The facts in the instant case were in dispute and therefore it would have been error for the court to have instructed the jury either that there was or was not probable cause. The question of whether there was probable cause is a mixed question of law and fact, and in this state where the facts are controverted it has always been held that it is necessary for the court to inform the jury that if they find a particular state of facts to exist, then they must find that there was probable cause or want of probable cause as the case may be, and that it is not proper for the court to give an instruction defining probable cause and then leave it to the jury to determine whether the facts are within or without the definition: *Glaze* v. *Whitley,* 5 Or. 164; *Gee* v. *Culver,* 12 Or. 228 (6 Pac. 775); *Hess* v. *Oregon Baking Co.,* 31 Or. 503 (49 Pac. 803); *Stamper* v. *Raymond,* 38 Or. 17 (62 Pac. 20); *Barnes* v. *Silverfield,* 73 Or. 129 (144 Pac. 527).

11. That the trial court endeavored to comply with the rule is obvious from a careful reading of the instructions. After clearly and accurately instructing the jury as to the definitions of probable cause and of malice, the court informed the jury that before the plaintiff could recover in the action, he must establish to their satisfaction by a preponderance of the evidence that the defendant acted both maliciously and without probable cause and that if there was probable cause, plaintiff could not recover even though they should find that the defendant had acted

maliciously. In effect the court then stated to the
jury that he would give them illustrations by which
the jury could determine from the facts whether there
was probable cause. One of the illustrations was to
the effect that if the jury should find that the defend-
ant had acted in good faith and believing that a crime
had been committed had gone to the deputy district
attorney and had made a full, honest and complete
disclosure to him of the facts within his knowledge of
what he honestly believed, and was then advised to
institute the charges, then they must find that there
was probable cause and that plaintiff could not re-
cover. In effect the court also instructed the jury
that the fact that the plaintiff had been bound over
by the committing magistrate to the grand jury upon
two charges was *prima facie* evidence of probable
cause which could be rebutted only by evidence show-
ing that the action of the committing magistrate was
procured by fraud or by false and perjured testimony.
These instructions were not prejudicial to the de-
fendant and did not leave to the jury to determine
whether the facts of the case were within or without
the definition of probable cause. The instructions
were very long, consisting of twenty-nine pages of
solid typewritten matter, and although very volumi-
nous and involved, were sufficient to enable the jury
to determine the truth of the facts which would or
would not as a matter of law constitute probable
cause, and we think were sufficient compliance with
the requirements of the rule stated.

12. Another reason exists why this objection can-
not be sustained. Defendant requested the court to
instruct the jury exactly on the line of the instruc-
tions which were given in the case. In fact the in-

structions given, while not in the clear, concise and accurate language of the instructions requested, were in effect precisely as requested, and hence if there was error it was invited error. Further, the instructions given presented defendant's view of the law in accordance with the very theory upon which defendant presented his case to the court and jury, and while we think that it would have been far better if the court had followed the clear and concise language of the instructions requested and not with the verbosity used by the court, yet we think that the presenting of the case to the jury by the court upon the theory and in accordance with defendant's requested instructions did not deprive defendant of a fair and impartial trial. Nor do we think there was any substantial departure from the strict rule laid down by the authorities cited requiring the court to present to the jury a brief summary of the facts and to inform the jury that if they find the facts thus summarized to exist, they must find either that there was or was not probable cause as the case may be.

13. We find no merit in defendant's contention that the admission in evidence over defendant's objection and exception of plaintiff's honorable discharge from the army was such prejudicial error as to authorize the court to grant a new trial. Defendant by his answer set up that he had reasonable grounds for having the plaintiff arrested, and attempted to justify his conduct by evidence seeking to establish the truth of the charges. To refute this plaintiff had a right to offer evidence tending to show that the criminal charges themselves were untrue, and as a part of such testimony to show that his previous reputation was such as to render it unlikely that he would commit

a crime of that nature, and for that purpose he had a right to show that he had served as a soldier in the United States army and had received an honorable discharge therefrom. The matters and things stated in the certificate of discharge were relevant and pertinent upon this question and evidence thereof was admissible. There was no way other than by the certificate itself by which those matters could be proved. The effect and weight of such evidence were questions for the jury, but evidence of the facts themselves was admissible. Concerning the admissibility of such a certificate, Professor Wigmore in his work on Evidence, Volume 3 (2 ed.), Section 167a, says:

"A certificate of service in army, navy, or civil office, made pursuant to duty imposed by custom or statute is admissible, on principle. In the first place, it is virtually no more than a certified copy, in summary, of the regular record of service kept in the department; the record would be admissible on the principle of § 1639, *ante,* and the certified copy on that of § 1677, *post.* In the next place, it is made for the specific purpose of being exhibited and used; and to shut off its use in courts is to defeat its purpose in part. In the third place, to call for anything else in lieu of it is impracticable; for all the officers who shared in making the record cannot possibly be·had as witnesses; and the chief of a Federal records-bureau is virtually inaccessible for '*viva voce*' testimony; moreover, he personally knows nothing beyond the record. To exclude the certificate is practically to exclude all evidence on the subject.

"In view of the fact that the United States Army and Navy contained more than four million persons during the Great War, it is essential that the admissibility of service-certificates, under whatever name, should be recognized. A few statutes have expressly so provided. The courts, however, have sometimes

shown a narrow common-law attitude which not only affronts common sense, but must cause deep resentment in the minds of all who value their records of military service. The civilian mind here needs some liberalizing.''

14. The contention that the general reputation of plaintiff was not relevant to the issues involved upon the trial is clearly unfounded. Plaintiff had been charged with having committed a crime and one of the questions at issue in the instant case was, Was the plaintiff guilty of the crimes with which he had been previously charged? Defendant offered evidence tending to show plaintiff's guilt. In the face of such evidence, plaintiff was not obliged to rely upon the general presumption of innocence, for if defendant's testimony was believed, that presumption would be overcome. For that reason he had a right to prove his general reputation for honesty and fair dealing and such evidence was as relevant and pertinent to the question at issue in the instant case as it would have been if he had been on trial and charged with the commission of said crime.

15, 16. The next objection urged against the validity of the judgment is that the defendant was entitled to have the jury instructed to the effect that the prosecution of the criminal actions was under the control of the district attorney and not of the defendant. While it is probable that trial courts generally follow the recommendations of district attorneys upon the question of whether pending criminal actions shall be tried or dismissed, yet the power of dismissal resides under Sections 1704, 1705, Or. L., in the courts and not in the prosecuting officers: *State* v. *Keep,* 85 Or. 265 (166 Pac. 936). But regardless of

this, we think that the instruction should not have been given, for if the criminal actions in question were instituted by the defendant maliciously and without probable cause, defendant would be responsible for the consequences which would naturally and ordinarily result from his own wrongful act, and one of these consequences might be the prosecution of the criminal actions, and therefore an instruction that the defendant would have no power to control the prosecution after it had once been started, would not have been pertinent to any question involved in the case.

17. The contention that the trial court may grant a new trial because of his belief that the damages awarded are excessive is wholly untenable. In this case there is nothing in the record showing any misconduct upon the part of the jury. The whole contention is that the damages were excessive and because excessive, the jury must have been swayed by passion or prejudice. The statute prescribes that ''A former judgment may be set aside and a new trial granted on the motion of the party aggrieved, for any of the following causes materially affecting the substantial rights of such party: * * 5. Excessive damages, appearing to have been given under the influence of passion or prejudice.'' Section 174. The power to set aside a judgment on a verdict upon this particular ground was taken away from the courts by the amendment of the Constitution (Art. VII, § 3), which declares that ''no fact tried by a jury shall be otherwise re-examined in any court of this state unless the court can affirmatively say that there is no evidence to support the verdict.''

In *Buchanan* v. *Lewis A. Hicks Co.,* 66 Or. 503 (134 Pac. 1191), it was held that after the adoption of this amendment of the Constitution, trial courts no longer have the power to grant a new trial because of the belief that the damages awarded are excessive, and that judgments cannot be reversed upon appeal upon that ground. This constitutional provision was again considered by this court in *Sigel* v. *Portland Ry., L. & P. Co.,* 67 Or. 285 (135 Pac. 866), where the same ruling was made, and this was in effect held in the Archambeau case. Hence, since there is nothing in the record showing any misconduct on the part of the jury, it was not proper for the court to set aside the judgment upon the ground that the damages were excessive and its action cannot be sustained on that ground.

Finding no justification for setting aside the judgment and granting a new trial, the order appealed from will be reversed and the cause will be remanded, with directions to reinstate plaintiff's former judgment.

REVERSED AND REMANDED, WITH DIRECTIONS. REHEARING DENIED.

COSHOW and MCBRIDE, JJ., concur.

BURNETT, C. J., dissents.